## STEAMBOAT EMPIRE *vs.* ALA. COAL MINING CO.

[ATTACHMENT SUIT AGAINST STEAMBOAT—SECURITY FOR COSTS BY CORPORATION.]

1. *Refusal to dismiss suit, for want of security for costs, available on error after final judgment.*—If the circuit court improperly refuses to dismiss, on motion, a suit commenced by a corporation without first giving security for the costs, as required by the statute, (Code, § 2398,) the error is available to the defendant on appeal ; and the cause will be remanded, with instructions to the primary court to dismiss it.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ANDREW B. MOORE.

THIS action was instituted by the appellee, a corporation chartered by the legislature of this State, under sections 2574–86 of the Code, to recover damages for the loss of a barge, freighted with coal, which was sunk by collision with the steamboat 'Empire.' At the trial term, as appears both from the judgment entry and the bill of exceptions, the defendants moved to dismiss the suit, on account of the plaintiff's failure to give security for costs. The court overruled the motion, and the defendants excepted; and a trial being had at the same term, a final judgment was rendered for the plaintiff. The overruling of the motion to dismiss, and the rendition of final judgment for the plaintiff, with other matters, are now assigned as error.

E. S. DARGAN and GEO. B. BLEVINS, for appellants.
BYRD & MORGAN, *contra*.

RICE, C. J.—In the case of the Ala. & Tenn. Rivers Railroad Co. v. Harris, 25 Ala. R. 232, it was decided by this court, that a suit commenced by a corporation, without first giving security for the costs, as required by section 2398 of the Code, will be dismissed on motion. The suit in that case was commenced by notice and motion under the act of 1847. In *Ex parte* Robbins, at the last term, we held, that a suit commenced by *attachment* is within the intention of the law which requires security for the costs to be given by non-residents or corporations before commencing suit. In Shepherd & Gordon v. Spriggs, at the present term, we held that, when the suit was commenced by attachment, the undertaking in the attachment bond, to pay all such costs and damages as the defendant in the suit might sustain by the wrongful or vexatious suing out of the attachment, did not furnish such security for the costs as the Code contemplated.

Adhering to these decisions, it is clear that, if there had been no final judgment rendered in the present suit, the refusal of the court below to dismiss the suit on defendant's motion, for the failure of the plaintiff to give the required security for costs before it was commenced, would entitle the defendants to a *mandamus*, to compel the dismissal of the suit; and the question is, whether, after the final judgment,

that refusal is available to defendants on appeal. We do not hesitate to say it is. Otherwise, the circuit court, by such wrongful refusal, would be able to destroy the right to a dismissal given by statute to the defendants. For the final judgment in the suit cannot be reversed by *mandamus*, nor on an application for a *mandamus*. The only mode in which the defendants can, after final judgment against them, procure its reversal, is by appeal ; and we cannot allow the circuit court to deprive them of their statutory right to a dismissal of the suit. Our view is sustained by Gordon v. Longest, 16 Peters, 97. See, also, *Ex parte* Cole, 28 Ala. R. 50.

The circuit court erred, in its refusal to dismiss the suit on the motion of the defendants. For that error, its judgment is reversed, and the cause is remanded, with instructions to that court to dismiss the suit, unless it shall be proved that security for the costs was given, according to our views above expressed, before the suit was commenced.