[Heflin v. Rock Mills Manufacturing and Lumber Company.]

# Heflin *v.* Rock Mills Manufacturing and Lumber Company.

*Proceeding by Petition for Supersedeas and Rehearing.*

1. *Motion to dismiss for want of security for costs ; waiver.*—If the defendant appears and pleads, or otherwise enters into defense, without moving to dismiss for want of security for costs, he thereby waives the objection, and admits himself rightly in court.

2. *Same ; when such motion properly overruled.*—Where the defendant appeared before the circuit judge, in a suit by petition for rehearing, and moved to dismiss the petition and filed demurrers—pertaining solely to the sufficiency of the petition—and his motions and demurrers being overruled, applied to the Supreme Court for *mandamus* to compel the circuit judge to dismiss petition on the grounds contained in said motions and demurrers, and, after the Supreme court denied the *mandamus*, he made a motion in the Circuit Court to dismiss for want of security for costs—*held*, that such last motion being made at such time, was properly overruled. (Case of *Davis Avenue Raiload Co. v. Mallon*, 57 Ala. 168, held to be unlike the present case in principle.)

3. *Interlocutory ruling ; no appeal from ; mandamus proper remedy.*—There being no final judgment, an appeal does not lie from the interlocutory ruling in a suit by petition for rehearing under section 3161 of the Code of 1876, nor will such appeal be aided by the final judgment in the original cause; *mandamus* is the proper remedy if the ruling was incorrect.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JOHN HENDERSON.

Action was commenced by John T. Heflin, appellant, against the Rock Mills Manufacturing and Lumber Company, appellees, for seven hundred and fifty dollars, alleged to be due the appellant for work and labor done and performed by him for the appellees. The defendants (appellees) not appearing or making defense to the complaint, judgment was rendered in plaintiff's (appellant's) favor for the amount claimed.

The defendants (appellees) then filed a petition for a rehearing and supersedeas, under section 3161 of the Code of 1876. Whereupon the said John T. Heflin—the defendant to the petition—made several motions to dismiss the petition and filed demurrers, which motions and demurrers went merely to the sufficiency of the petition. The court overruled the same, and application was made to this (Supreme) Court for a *mandamus* to compel the circuit judge to dismiss the petition on the grounds urged in said motions and demurrers. *Mandamus* was denied by this court. After this, the said defendant, Heflin, moved to dismiss this suit of pe-

[Heflin v. Rock Mills Manufacturing and Lumber Company.]

titioner because the plaintiff (petitioner) had not given security for costs; which motion the court overruled, and the defendant reserved an exception.

The plaintiff to the original suit—the defendant to the suit by petition for supersedeas and rehearing—now appeals from the interlocutory ruling of the court below, and makes the following among other assignments of error:

1. Overruling the motion to dismiss the petition.

3. Overruling the motion to dismiss for the want of security for costs.

4. Overruling the demurrers.

JOHN T. HEFLIN, *pro se.*—1. The proceeding for rehearing is a suit, and surety for cost should have been given.—*Ala. & Tenn. R. R. Co. v. Harris,* 25 Ala. 232; *Ex parte Cole,* 28 Ala. 50; *Ex parte Robins,* 29 Ala. 71; *Ex parte Morgan,* 30 Ala. 51.

2. (From the view taken of the case by the Supreme Court, it becomes unimportant to set out the other points and arguments made by the brief on the other assignments of error.)

SMITH & SMITH, *contra.* (No brief came to Reporter.)

STONE, J.—1. It is very questionable if we did not, at an early day, go too far in dismissing suits, for a failure to give security for costs.—See *Ex parte Cole,* 28 Ala. 50; *Ex parte Robbins,* 29 Ala. 71; *Ex parte Morgan,* 30 Ala. 51. We then determined to carry the principle no farther, and hence we held, if defendants appeared and pleaded, or otherwise entered into defense, without moving to dismiss for want of security for costs, this was a waiver of the objection, and an admission that the defendant was rightly in court.—*Weeks v. Napier,* 33 Ala. 568; *Duncan v. Richardson,* 34 Ala. 117; *Thompson v. Clopton,* 31 Ala.

2. The present case comes precisely within this rule. The defendant to the petition appeared before the circuit judge, and moved to dismiss the petition on several grounds, none of which raised the question of a want of security for costs. His motion was overruled, and he thereupon asked leave to demur to the petition on the same grounds. These all went to the sufficiency of the petition. Failing in both these motions, he applied to this court for a *mandamus* to compel the Circuit Court to dismiss the petition, on the said grounds he had urged before the circuit judge. We denied the motion. After this, the motion was made in the Circuit Court to dismiss for want of security for costs. The motion was rightly

[Mitchell v. Davis.]

overruled. The case of *Davis Avenue Railroad Company v. Mallon*, was unlike this in principle.—57 Ala. 168. We adhere to our former ruling.—*Ex parte Heflin*, 54 Ala. 95.

3. The present suit was commenced by petition for rehearing under section 3161 of the Code of 1876. There is no final judgment in that suit. The final judgment in the original cause, to obtain a rehearing of which the present proceedings were instituted, does not aid this appeal, which is taken from an interlocutory ruling in the last suit. An appeal from such ruling does not lie to this court. *Mandamus* is the remedy, if the ruling was incorrect.—*Ex parte Cole, Ex parte Morgan, Ex parte Robbins, supra ; Steamboat Empire v. Ala. Coal Mining Co.* 29 Ala. 698; *Davis v. You*, 43 Ala. 691.

Appeal dismissed.