# Brown v. Bamberger, Bloom & Co.

## *Action on Promissory Notes.*

1. *Pleadings; effect of joinder of issue.*—Parties to a suit have the right to frame their own pleadings, and however defective they may be, this court can only consider the rulings of the trial court upon issues as presented by the pleadings in each case; and where issue is joined upon a plea, replication, rejoinder or other pleading, the party joining issue thereon admits that if the facts averred in that particular plea, replication, rejoinder, &c. are proved, he can not recover and must be cast in the suit.

2. *Same; effect of taking issue on rejoinder; facts of the present case.*—In an action against two persons as late partners on a note, in which, it was averred in the complaint, the defendants waived their rights of exemption and agreed to pay attorney's fees for collection, in the event of suit, one of the defendants pleaded *non est factum*, and to this plea the plaintiff filed a replication in which he confessed the plea, but attempted to avoid its effects, by averring that although the defendant did not execute the notes sued on, and did not authorize any one to execute them for him, yet he had ratified their unauthorized execution in his name by promising to pay them, and by making partial payments thereon. To this replication said defendant filed a rejoinder, in which he averred that after the execution of said notes, he neither signed, nor authorized any one else to sign for him any writing, waiving or evidencing any intention to waive his right of exemption against any debt evidenced by said notes. Without

testing the sufficiency of this rejoinder by demurrer, the plaintiff joined issue thereon. *Held:* That by joining issue thereon, the plaintiff confessed that if the facts averred in rejoinder were true, the replication was avoided, and the defendant was not liable to the notes, since, if the defendant proved the facts averred in his rejoinder, the replication was eliminated from consideration, and the case stood with the pleas of *non est factum* confessed without avoidance.

3. *Motion to quash service of summons and complaint; when properly overruled.*—In a suit against two defendants, who are sued as members of a late firm, which was not in existence at the commencement of the suit, the fact that there was no service of the summons and complaint upon one of such defendants, does not authorize the court to quash the service of the summons and complaint, when it was shown that there was a general appearance of counsel for both defendants, and pleas had been filed in the case, which were signed by counsel as attorney of the late firm, and the .return of the sheriff showed that the service of the summons and complaint had been executed by leaving a copy thereof with the firm.

4. *Pleading and practice; suppression of depositions.*—A motion to suppress the deposition of witnesses taken in a suit against two defendants, on the ground that the title of the cause, and of the court in which they were taken was not indorsed on the envelope containing them, and the commissioner failed to write his name across the seal of said envelope, and the defendant making the motion had no notice of their filing, nor the name and residence of the witnesses or commissioner, is properly overruled, when it is shown that there was indorsed by the commissioner, upon the envelope in which the depositions came, the names of the defendants, and the fact that they were depositions of the designated witnesses taken for the plaintiff, and such depositions appeared in all respects regular, were duly certified according to law, and there was no indication of their having been tampered with, and interrogatories propounded therefor were returned by the sheriff as having been executed by handing a copy of them to the attorney of the defendant.

5. *Same; when motion to require security for costs comes too late.*—After a case has been docketed, pleas filed to the complaint, and the cause has been continued for several terms, a motion to require the plaintiff to give security for costs comes too late, and is properly overruled.

6. *Evidence; insolvency of one partner inadmissible.*—In a trial of an action, brought against two persons described in the complaint, as "late partners under the firm name of," &c., on promissory notes alleged to have been made by the defendants, the fact of the insolvency of one of the defendants is impertinent to any issue in the case, and is inadmissible in evidence.

7. *Same; fact of having recovered a judgment inadmissible.*—In such a case, the fact that one of the defendants had recovered a judgment

[Brown v. Bamberger, Bloom & Co.]

against his co-defendant and former partner for deceit, is not perti-
nent to any issue involved in the case, is inadmissible in evidence,
and is properly excluded.

8. *Ratification; knowledge an essential element.*—Before there can be
a ratification of an unauthorized act, so as to be binding, it must be
shown that the person ratifying had previous knowledge of all the
facts and circumstances in the case, and if he assented to or con-
firmed such act, while in ignorance of all the circumstances, such
ratification is invalid, and he can, afterwards, when informed thereof,
disaffirm it, even if his want of such knowledge arises from his own
carelessness in inquiring, or neglect in ascertaining the facts, or from
other causes; knowledge of the facts and circumstances pertaining
to the particular transaction being an essential element of ratifica-
tion.

9. *Same; effect of the ratification of the execution of a note.*—For the
efficient ratification of an unauthorized signature to a contract, it is
essential that the party sought to be charged on account of such rati-
fication should have been fully advised of the stipulations of such
contract; and if the undertaking alleged to have been ratified be a
promissory note, and the party sought to be charged upon it, simply
knew of its existence as a mere promise to pay a certain debt and that
his name was signed to it without his authority, and with this knowl-
edge, promised to pay it, or made partial payments on the debt evi-
denced by it, this would be a sufficient ratification to charge him
upon the note as a mere promise to pay the debt but he would not be
bound by any other stipulations contained in the undertaking, which
were not essential to its existence simply as a note—his knowledge of
the existence of the note being knowledge only of those stipulations
contained in the paper essential to that sort of a contract.

10. *Same; same.*—The ratification of an unauthorized execution of
a note, does not ratify the stipulations contained in said note to pay
attorney's fees in the event of suit, and to waive the right of exemp-
tions as against the debt evidenced thereby, unless the putative
maker had knowledge of such stipulations when he ratified the act;
such stipulation being not necessary and proper to make the paper a
promissory note merely, and being extraneous thereto.

APPEAL from the City Court of Decatur.

Tried before the Hon. WILLIAM H. SIMPSON.

This was an action brought by the appellees against
Oden & Brown, and counted upon promissory notes.
The facts as to the filing of the pleas, and the pleadings
themselves, are sufficiently stated in the opinion.

When the cause was called on the 14th of June, 1893,
the defendant Walter S. Brown, before going into trial
moved the court to quash the service of summons and
complaint, so far as it related to him, on the grounds,

that no summons and complaint had been served upon him; that no such firm was in existence as the firm of Oden & Brown at the date of the commencement of the suit, and that there was no return by the sheriff going to show any service upon the defendant Brown. This motion had been filed at a previous term of the court and signed by counsel, "as attorney specially for Walter S. Brown."

Walter S. Brown testified that he had seen pleas to be filed and had signed them at the last term of the court; that he was unable to get to court at that time on account of sickness, and that said pleas had been prepared by his counsel and he had signed them; that he knew of the pendency of the suit within a few days after it was brought, and had consulted with attorneys about it, but at the time of the suit the said firm of Oden & Brown had been dissolved, and no summons had been served upon him.

A. L. Brown, the attorney for Walter S. Brown, testified that he was the attorney for both Oden and Brown, and that to the pleas sworn to by Oden, the witness, A. L. Brown, added the words, "for Oden & Brown," and sent them to the clerk of the Decatur city court, in January, 1891, to be filed.

The clerk of the court testified that he had received from A. L. Brown, on January 21, 1891, the pleas which had been sent him, had filed said pleas on said day, and at A. L. Brown's request had marked his name for defendants on the docket. The docket showed that A. L. Brown had been marked as attorney for both the defendants generally, since January, 1891, and that the cause had been set down for trial as follows: June 6, 1891; January 8, 1892; June 10, 1892; January 5, 1893; June 13, 1893.

It was shown that when the cause was called upon the sounding of the docket on June 13, 1893, E. W. Godbey, Esq., said to the court: "Enter my name for Brown," and that thereupon his name was entered, and that at the time of the trial, and since the last term of the court, a motion to quash the service was on file signed by A. L. Brown and E. W. Godbey. The defendant Brown offered in evidence the return of the sheriff on the summons as follows: "Executed this 27th day of December, 1890, by leaving a copy of the within sum-

mons and complaint with Oden & Brown, partners in business, defendant." This return was signed by a deputy sheriff. Upon the introduction of this evidence, the court overruled the motion to quash the service, and to this ruling the defendant Brown duly excepted.

Before announcing ready, and before going to trial, the defendant Brown moved to suppress the depositions of Fred. Kneffler and Joseph Cohen, taken for plaintiff at the same time before Charles A. Grayham, commissioner, on the grounds "that the title of the cause and of the court in which the depositions were taken were not indorsed on the envelope containing them; that the commissioner failed to write his name across the seal of the said envelope containing them, and that defendant Brown had no notice of their filing, nor of the name and residence of either witnesses or commissioner." Upon the hearing of this motion, the envelope in which the depositions came was introduced in evidence, and there appeared thereon the following indorsement by the commissioner: "Oden & Brown. Depositions Fred. Kneffler and Joseph Cohen for plaintiff." This was across the end of the envelope and immediately beyond where the portion of it had been torn off in opening. The depositions appeared in all respects regular, and not to have been tampered with, and were duly certified according to law. The interrogatories were marked filed May 15, 1891. The sheriff's return thereon was as follows: "Executed by handing a copy of the within to A. L. Brown, attorney for Oden & Brown, this the 16th. day of May, 1891." Signed by the sheriff by his deputy sheriff. Upon this evidence, the court overruled the motion to suppress the depositions, and to this ruling the defendant Brown duly excepted. The defendant Brown then moved the court to require the plaintiffs to give security for costs, and offered to show that said plaintiffs were non-residents of the State of Alabama. The court refused to entertain the motion, holding that it came too late, and to this action of the court defendant Brown duly excepted.

Upon the cross-examination of Oden as a witness, he was asked the following question: "Are you friendly with Brown?" The witness answered that he was not. He was then asked by Brown: "If it was not a fact that he, Brown, had at the last term of the Morgan county

circuit court recovered against the witness a judgment for $500 damages for deceit?" The court sustained an objection to this question, and the defendant duly excepted to such ruling. The defendant Brown then offered to prove by the minutes of the circuit court that such judgment had been rendered against said Oden in an action of deceit, but the court refused to receive this evidence, upon objection of the plaintiff, and to this ruling the defendant Brown duly excepted.

The said witness Oden was also asked by Brown, on cross-examination, the following question: "If he was not insolvent and execution proof as to judgment with waiver of exemptions?" The plaintiff objected to this question, the court sustained the objection, and the defendant Brown duly excepted.

The testimony of this witness Oden was that he executed the notes at the request of his co-partner, W. S. Brown, and in his presence, and that he then handed the notes back to Brown to be returned to the plaintiffs. On cross-examination, he further testified that Brown brought the notes to him at his office in Hartselle late one afternoon, and said that he wanted to consult with the witness before signing them, and wanted to know if it was all right to give notes for that amount, stating at the time that the attorneys of the plaintiffs were threatening to sue him if he did not give the notes; and that at that consultation the witness executed the notes at the instance of Brown. The witness further testified that Oden & Brown had not formally dissolved partnership, and that he had given no notice of the dissolution by publication or otherwise to the plaintiffs; that the amount of the notes was the correct amount due by Oden & Brown.

W. S. Brown, as a witness in his own behalf, testified that Oden & Brown were indebted to the plaintiffs in the amount of the notes sued on, less the payments which had been made thereon since their execution; that he knew nothing of any notes having been given until the plaintiffs began to demand payment; that he did not recollect to have seen the notes sued on until after suit was commenced, and that he did not authorize Oden & Brown, or any one else, to execute them in the firm's name, or in his name in any manner; that he did not carry the said notes to Oden nor request him to execute them;

[Brown v. Bamberger, Bloom & Co.]

that he never signed any written waiver of his exemptions as against the debt evidenced by said notes, and had never ratified any such waiver in writing or otherwise, nor signed any papers evidencing his intention to waive exemptions. Brown further testified that after the execution of the notes he had paid the attorneys of the plaintiffs something on them. The other facts of the case are sufficiently stated in the opinion.

In his argument before the jury, the counsel for the defendant Brown commented at great length upon the inconsistencies in Oden's testimony, and drew unfavorable inferences from the manner in which the witness Oden testified while on the stand. It is unnecessary to set these remarks out in detail. The court interrupted the counsel in making such remarks, and told the jury they must not consider what the counsel had said in this respect. To this ruling the defendant duly excepted.

There were many charges asked by the defendant Brown, to the refusal to give each of which the defendant separately excepted.

There were verdict and judgment for the plaintiffs, and the defendants appeal. In this court the defendant Walter S. Brown prayed for and obtained a summons and severance as to E. J. Oden, and the present appeal is now presented in the name of W. S. Brown, who assigns as error the several rulings of the trial court to which exceptions were reserved.

A. L. BROWN and E. W. GODBEY, for appellant.—The requirements that a waiver must be subscribed by the debtor, or contained in an instrument executed by him, are equivalent to the statute of frauds. A waiver can not be made or ratified by parol.—*Knox v. Wilson*, 77 Ala. 309; Constitution, Art. X, § 7; Code, §§ 25, 69.

To show the degree of hostility of the witness Oden to Brown, evidence of a recent judgment by the latter against the former, in an action of deceit, was admissible.—*Fincher v. State*, 58 Ala. 215.

There can be no ratification without full knowledge. Brown knew only that notes had been executed in the firm name. Without a knowledge of these peculiar provisions, any recognition of the supposed obligation of the notes could not be binding as a ratification.—Story on Agency, 282, § 239 ; *Crawford v. Barkley*, 18 Ala. 290.

[Brown v. Bamberger, Bloom & Co.]

No undertaking can be ratified save by an act of equal solemnity to that required to make it valid in the first instance. The waiver was not ratified in that manner required to make it valid in the first instance. The notes were an entirety. They were executed by one indivisible act. They could not be ratified save only with a knowledge of all their contents. There can be no such thing as a partial ratification. The ratification must be of all or none. The other party did not, in this case, accept any partial ratification, but sued on the notes as entireties, to enforce all of their onerous and burdensome stipulations.—17 Amer. & Eng. Encyc. of Law, 1054; *McCrummen v. Campbell*, 82 Ala. 566; *Taylor v. Cockrell*, 80 Ala. 236.

LANE & WHITE, *contra.*—Insolvency can be proved only from facts and circumstances. It cannot be testified to as a collective fact.—*Abbott v. Gillespie*, 75 Ala. 180.

An instrument executed by one member of a firm in the presence of another is deemed to have been executed by the firm.—17 Amer. & Eng. Encyc. of Law, p. 1002, n. 3. And even if not authorized, a subsequent parol ratification will be binding.—*Gunter v. Williams*, 40 Ala. 561.

McCLELLAN, J.—This is an action by Bamberger, Bloom & Co. against "Edward J. Oden and Walter S. Brown, late partners under the firm name of Oden & Brown," on three promissory notes alleged to have been made by the defendants on August 21st, 1890, each for $186.35, payable severally 30, 60 and 90 days after date, and the complaint avers that all said notes bore interest at the rate of 8 per cent per annum from the date of their execution. It is also alleged that each of said notes contain a stipulation to pay a reasonable attorney's fee for collection thereof if not paid at maturity, and that such fee is ten per cent on the amount of said notes. And there is a further averment that "in and by said notes the defendants waived their right of exemption to personal property under the laws and constitution of the State of Alabama." The suit was instituted on December 26, 1890. On January 23, 1891, the following verified pleas were filed : 1. "And now comes Edward J. Oden,

one of the late partners under the firm name of Oden & Brown, and for answer to * * the complaint in said cause, after having been duly sworn, deposes and says that they, Oden and Brown, do not owe the said sum of money in manner and form as alleged in the complaint, and that neither of them owe the said sum of money mentioned in plaintiff's complaint." 2. "And now comes Edward J. Oden, one of the late partners under the firm name of Oden & Brown, and for answer to * * * the complaint in said cause, after having been duly sworn, deposes and says that they, Oden & Brown, do not owe the said amount of money, or any part thereof, in manner and form as in the said complaint alleged." On June 14, 1893 additional pleas were filed as follows: "Comes the defendant Walter S. Brown and for plea to the plaintiff's complaint says:

"1st. That he does not owe the debt sued upon, nor any part thereof.

"2nd. That the allegations of said complaint are untrue.

"3rd. (As amended) That said notes were not executed by him, nor did he authorize any one else to execute the same in his name, or in the name of Oden & Brown.

"4th. That he did not agree in writing to waive his rights under the laws of Alabama to have any personal property exempt from levy and sale under legal process as against the payment of said notes.

"5th. That he did not consent or agree in writing, or otherwise, before the commencement of this suit to pay any attorney's fees for the collection of said notes.

"6th. That defendant did not execute the notes sued on, and that he does not know positively who did, but he is informed and believes that the name Oden & Brown were signed thereto by Edward J. Oden with whom the defendant had been in partnership, but the said partnership had been dissolved prior to the alleged date of said notes; and at no time after said dissolution did the defendant ever authorize the said Edward J. Oden to sign the defendant's name to the notes sued on.

"7th. (As amended) That on the claim sued on there had been paid two hundred and fifty dollars, without a knowledge by this defendant of the contents of said notes: that said payments were made as follows, towit: Oct. 18, 1890, $100; November 25, 1890, $50; December

[Brown v. Bamberger, Bloom & Co.]

26, 1890, $100. Defendant remitted said sums to Lane & White, plaintiffs' attorneys, and were paid by check and were intended to be applied to what Oden & Brown owed plaintiffs for goods; and the last remittauce was made before this defendant had any knowledge of the institution of this suit, the check therefor being dated Dec. 26, 1890.''

These pleas except the last (No. 7) were verified.

The plaintiffs filed special replications to the 3rd, 4th, 5th, and 6th pleas set out next above, separately, and jointly to them all, alleging ''that after said notes were executed the said defendant, Walter S. Brown, with full knowledge of the execution of said notes ratified the execution thereof by promising to pay said notes and also by partial payments made by him.''

Brown's demurrer to these replications being overruled he rejoined thereto as follows:

''1st. That he never at any time ratified the execution of said notes sued on.

''2nd. That the allegations in said replications are untrue.

''3rd. That at the time of any payments or promises, he did not know that said notes contained stipulations for attorney's fees and a clause waiving the right of exemption of the makers thereof.

''4th. This defendant says that he never promised or agreed in writing to waive his exemptions in said notes either before or after they were made.

''5th. This defendant further says that after the making of said notes he signed no writing, nor did he authorize any one else to sign any writing, waiving or evidencing an intention to waive his right of exemptions as against any debt evidenced by said notes.

''6th. This defendant further says that prior to the institution of this suit he did not know that said notes were waive notes, or that they contained stipulations to pay attorney's fees.''

The sufficiency of these rejoinders were not challenged by demurrer. The judgment entry, after disposing of certain motions made by the defendant Brown, and passing upon demurrer to the pleas interposed by Brown, and overruling Brown's demurrer to the replication, continues: ''and thereupon issue being joined let a jury come; whereupon came a jury &c. &c. who &c. &c.

[Brown v. Bamberger, Bloom & Co.]

on their oaths do say, 'we, the jury, find for the plaintiffs and assess their damages' " &c. &c.

It thus appears that the only pleas of *non est factum* in the case were those interposed by Brown numbered 3, 4, 5, and 6. The plaintiff did not take issue on either of these pleas, but confessed and attempted to avoid them by averring in effect that although it was true that Brown had not executed said notes and that they had not been executed for him through another thereunto authorized by him, yet he had ratified their unauthorized subscription in his name by another in that he had promised to pay them and had made partial payments on them. To this, as we have seen Brown rejoined, among other things, "that *after* the making of said notes he signed no writing, nor did he authorize any one else to sign any writing, waiving, or evidencing an intention to waive, his right of exemptions as against any debt evidenced by said notes. This rejoinder was made as a full answer to the replications that Brown was bound by the notes, though he did not sign them, nor authorize another to execute them for him, because he ratified this unauthorized execution by another. By taking issue upon it, instead of testing its sufficiency by demurrer, the plaintiff confessed that the rejoinder, if true, avoided the replications, and showed that Brown was not liable on the notes; for if the defendant proved this rejoinder, the replication was eliminated and the case stood with the pleas of *non est factum* confessed without avoidance. This rejoinder was fully proved by uncontroverted evidence : the testimony of Brown shows that after the making of said notes he signed no writing, nor authorized any one else to sign any writing waiving, or evidencing an intention to waive, his right of exemption as against any debt evidenced by the notes, and he is not at all contradicted on this point. On this state of the pleadings and proof, the court should have given, and erred in not giving, the affirmative charge (2) requested by Brown, to find in his favor if the jury believed the evidence. This necessitates a reversal of the judgment and remandment of the cause.

We find no error in the rulings of the court on defendants several motions to quash the service of summons and complaint on Brown, to suppress the depositions of

[Brown v. Bamberger, Bloom & Co.]

Kneffler and Cohen, and to require the plaintiffs to give security for the costs of the suit.

Oden's insolvency was not an issue, nor pertinent to any issue in the case. The question propounded to him on that subject was improper; and as it will not be propounded on another trial, the further question as to the right of counsel to comment on his manner &c., when being interrogated as to his solvency, will not again arise.

The proposed evidence as to Brown having recovered a judgment against Oden for deceit was properly excluded.

The partnership between Oden and Brown had been dissolved long before the notes sued on were executed. Oden, therefore, had no authority as a partner simply to sign the name of Brown along with his own to the notes sued on. If there was any arrangement between them whereby the power of a partner to sign the firm name was continued after dissolution, or, if as testified by Oden, Brown was present when the notes were signed by Oden for both, and directed, acquiesced in or even knew of the fact that Oden had so signed the names of both, then, on this, without more, of course, Brown is liable at least on the promise to pay the debt contained in the notes. If there was such general arrangement—that either party, or Oden should continue after dissolution to close up the firm's indebtedness by executing notes in the name of the firm—a note signed by one of them for both, only upon such general authority, would bind the other to no greater extent than the authority, i. e., as upon a promise to pay the firm debt. An attorney's fee for collecting the debt is not a part of the debt; such authority would not cover a stipulation to pay such fee, and only the party actually signing would be bound by such stipulation. And so, as has been frequently decided, such authority would not cover a stipulation waiving the exemptions of the parties, and such stipulation, if inserted, would operate only against the party signing his own and the other debtor's name. But, if as further testified by Oden, Brown brought the notes to him to be signed for both, or if Brown had previously had or seen the notes or knew what they contained, and Oden signed the names of both, or the firm name, in his presence or by his direction or with his assent, expressed or implied,

23

[Brown v. Bamberger, Bloom & Co.]

then all the stipulations, of the papers—for attorney's fees and waiving exemptions, as well as the rest—would be equally binding upon both.

The statute provides that a waiver of exemptions as to personalty may be included in any promissory note executed by the party entitled to it —Code, § 2568. The word "executed" has no peculiar meaning in this section. If the signing of the note is not by an agent or the like, or if by an agent, no quest on of excess of authority in including the waiver arises, whatever would amount to execution as respects the promise to pay would, also, be efficacious as to the waiver. Indeed, the note proper, the promise to pay, is itself the thing executed, and the stipulation for waiver is operative because embraced in the paper promising to pay. So that with the stipulation in, we repeat, it is binding whenever there has been such execution of the note as binds the person purporting to have made it to pay the sum therein agreed to be paid. The signing and the delivery of the note is its execution; yet the signature need not be by the hand of the maker, nor by one thereunto authorized in, or even without, writing. It is no less the putative maker's signature for being made by another wholly without authority, if it be adopted or ratified by the former; and by efficient adoption or ratification the note becomes "executed" within the meaning of the statute, and a waiver of exemptions included in it is as binding on the maker as if he had put his own hand to the paper.

But to the efficient ratification of an unauthorized signature to a promissory note or other contract, it is essential that the party sought to be charged on account of such ratification should be fully advised of the stipulations of the note or other contract. If the undertaking alleged to have been ratified be a note, and the party sought to be charged upon it as a promise to pay a certain debt, simply knew of its existence with his name to it (but without his authority), and with this knowledge promised to pay it, or made partial payments upon the debt evidenced by it, this would be sufficient to charge him upon the note, but only upon it as a mere promise to pay the debt, a promissory note, because knowing of the note he knew the paper contained everything essential to its being a note; all that is necessarily involved

[Brown v. Bamberger, Bloom & Co.]

in the existence of a note. But while knowledge of the
note is knowledge of every stipulation contained in the
paper essential to that sort of contract, it is not knowl-
edge of stipulations, which though sometimes embraced
in or added to written promises to pay a certain sum on
or upon a specified time, are not necessary to the paper
as a note, constitute no necessary or even proper part of
the promise to pay that sum, and are not involved in the
concrete idea of the contents of a paper known only as a
promissory note. The doctrine of constructive knowl-
edge, or imputation of knowledge from mere notice, does
not obtain in this connection. It is what the party
sought to be charged knows and not what he has mere
legal notice of, that is to be considered in determining
whether there has been a ratification. He is charged on
full knowledge, and not because he ought to have known,
but did not, not because he had notice which should
have incited him to an inquiry, which if properly prose-
cuted would have brought knowledge. As said by Judge
Story : "The principal, before a ratification [of the un-
authorized act of an agent] becomes effectual against
him, must be shown to have had previous knowledge of
all the facts and circumstances in the case, and if he
assented to or confirmed the act of his agent, while in
ignorance of all the circumstances, he can afterwards
when informed thereof, disaffirm it. And the principal's
want of such knowledge, even if it arises from his own
carelessness in inquiring or neglect in ascertaining facts,
or from other causes, will render such ratification invalid.
His knowledge is an essential element."—Story on
Agency, § 231, n. 1. So if a principal ratify a sale made
by his agent without knowledge of a warranty given by
the agent, though it would seem clear that the duty of
inquiry as to warranty was upon the principal, he is not
bound by such ratification.—*Smith v. Tracy*, 36 N. Y. 79.
And for the purposes of ratification the party sought to
be charged will not be held to have knowledge of deeds on
record.—*Billings v. Morrow*, 7 Cal. 171 ; s. c. 68 Am. Dec.
235. The receipt by the principal of the proceeds of sale
of property by an agent is not a ratification if the princi-
pal is ignorant of the facts.—*Bott v. McCoy*, 20 Ala. 578.
Agent, with power to purchase goods for cash, bought on
credit, and principal received the goods without knowl-
edge that the purchase was on credit. *Held*, that the

acceptance and use of the goods by the principal did not operate as a ratification.—*Manning v. Gasharie*, 27 Ind. 399. So where the agent has defrauded a buyer, the mere reception or retention of the purchase money by the principal will not operate as a ratification.—*Herring v. Skaggs*, 73 Ala. 446. And the law on this subject with special reference to partners is thus stated in 17 Am. & Eng. Ency. of Law, p. 1050 : "Acts relied upon as a ratification of the unauthorized act of a partner, must have been done with full knowledge on the part of the ratifying partner of such unauthorized act, and assent to such an act is not to be presumed on slight and inconclusive circumstances." Hence, knowledge by Brown that notes had been signed in his name by Oden was knowledge of all the stipulations contained in the papers so signed which were necessary and proper to make them promissory notes simply ; but, while in some relations Brown would also be charged with knowledge of other stipulations foreign to the promise to pay the debt contained in the papers, when the question is, as here, whether he ratified Oden's subscription of his name to papers containing such other stipulations, his ignorance of the existence of these matters extraneous to the paper as a promissory note merely is a defence against such stipulations, though the duty of inquiry may have been upon him, and his ignorance may be the result of his negligence in not prosecuting such inquiry.

The stipulations of these notes for attorney's fees and for a waiver of exemptions were such matters—extraneous to the papers as promissory notes ; and if when Brown promised to pay the notes or made partial payments upon them he did not know they included an undertaking to pay attorney's fees and a waiver of exemptions, his promise or payment was not a ratification of such undertaking and waiver, and he is now bound by either or both only as it shall appear to the jury that he knew of one or the other or both at the time of his alleged ratification. Of course what is here said is to be taken in connection with the principles declared above in respect of that phase of the case presented by the evidence of Oden : In that aspect Brown is bound by all the stipulations of the papers, and if Oden be believed no question of ratification need be considered.

The foregoing will fully advise the circuit court of our

views upon the law of this case, and we deem it unnecessary to discuss or pass on the several rulings of the city court upon requests for instructions.

Reversed and remanded.