(104 So. 679)

## VICTOR ADDING MACH. CO. v. LONG.
(6 Div. 658.)

(Court of Appeals of Alabama. June 9, 1925.)

1. Costs ⚖️3—Costs not recoverable at common law.

At common law, costs were not recoverable.

2. Costs ⚖️2—Law of costs is penal.

Under Code 1923, §§ 7221, 7255, 7263, law of costs is penal, right to recover being given to the "successful party," same being adjudged against the unsuccessful party as a penalty for presenting in court, as suit or defense, that which is without merit, and judgment for costs, being a mere incident to the suit, partakes of the same nature as the suit.

3. Costs ⚖️113—Motion to require nonresident to give security for costs must be made by party against whom process has issued.

Right to make motion under Code 1923, § 7249 (Code 1907, § 3687), requiring a nonresident to give security for costs in suit prosecuted by him, must be made by party against whom process of court has issued, and who would be entitled to a judgment for costs in event plaintiff failed in the suit, and hence rule of Circuit court of Jefferson county, authorizing clerk to intervene and to require nonresident plaintiffs to give security for costs, was invalid.

4. Costs ⚖️136—Right to require nonresident plaintiff to give security for costs is waived, if party proceeded against proceeds with his defense.

Right to require nonresident plaintiff to give security for costs under Code 1923, § 7249 (Code 1907, § 3687), is waived, if party proceeded against proceeds with his defense by filing pleas.

5. Costs ⚖️113—Court has no inherent power to authorize clerk to intervene and to require nonresident plaintiff to give security for costs.

Court has no inherent power to authorize clerk to intervene and make motion under Code 1923, § 7249 (Code 1907, § 3687), requiring nonresident plaintiff to give security for costs.

6. Courts ⚖️55—Officers of court, as between litigants, should maintain a disinterested attitude.

Officers of court, as between litigants, should maintain a disinterested attitude.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Victor Adding Machine Company against T. C. Long. From a judgment dismissing the cause for failure of plaintiff to give security for costs, plaintiff appeals. Reversed and remanded.

Ritter, Wynn & Carmichael, of Birmingham, for appellant.

The clerk should not have been permitted to intervene by motion, and the rule is void. 11 Enc. Pl. & Prac. 495; Code 1923, §§ 7224, 7254, 7221, 7246; 15 C. J. 19.

Matthews & Morrow, of Birmingham, for appellee.

Courts have inherent and statutory power to prescribe rules. 7 R. C. L. 1023; Code 1923, § 6689. The rule here involved does not contravene the statutes. Code 1923, § 7249.

BRICKEN, P. J. The circuit court of Jefferson county adopted a rule of court, authorizing the clerk of the court to intervene,

---

in suits filed by nonresidents of the state, and make motion to require the plaintiff to give security for costs, and under that rule the clerk, before service of process on the defendant, made such motion, and, upon plaintiff's failing to give such security, in compliance with an order of the court, entered in response to the clerk's motion, the court dismissed the plaintiff's case, and ordered "that the plaintiff be taxed with the costs herein accrued, for which let execution issue," and, from the judgment of the court, this appeal is prosecuted.

[1, 2] At common law, costs were not recoverable, and under our statute the law of costs is penal, the right to recover costs being given by the statute to "the successful party" to the suit, the same being adjudged against the unsuccessful party as a penalty for presenting in court as suit or defense that which is without merit, and the judgment for costs being a mere incident to the suit, partake of the same nature as the suit. Northern v. Hanners, 121 Ala. 589, 25 So. 817, 77 Am. St. Rep. 74; Ex parte Cudd, 195 Ala. 80, 70 So. 721; Code 1923, §§ 7221, 7255.

"Courts have, now, no inherent power to award costs, which can be only granted in any cause or proceeding by virtue of express statutory authority. * * * As to the officers rendering the services and the witnesses who attend in obedience to a subpœna, while their fees are taxed so as to make up what is known as the bill of cost in the case and limits the amount of the recovery of the successful party, the cost is not recovered by the judgment in their names, nor have they such an interest in it as entitles any one of them to an execution upon the judgment, except in the case where the plaintiff is the successful party and the execution against the defendant is returned 'no property found,' execution may issue in the name of the clerk against the plaintiff for all costs created by him" (Northern v. Hanners, supra),

—the right to issue execution in the name of the clerk in such case being authorized by the statute. Code 1923, § 7263.

[3, 4] The statute also provides:

"All suits at law or in equity, commenced by or for the use of a nonresident of this state, must be dismissed on motion, if security for the costs, approved by the clerk or register, be not given by such nonresident when the suit is commenced, or within such time thereafter as the court may direct." Code 1923, § 7249; Code 1907, § 3687.

The right to make the motion mentioned in the statute must be made by the party against whom the process of the court has issued, and who would be entitled to a judgment for cost in the event the plaintiff failed in the suit. Edmondson v. De Kalb County, 51 Ala. 103. And the right to make the motion may be waived, and is waived if the party proceeded against proceeds with his defense by filing pleas. Heflin v. Rock Mills Mfg. Co., 58 Ala. 613.

[5, 6] It is certainly not within the inherent power of the court to authorize the clerk to intervene and make motion for security for costs, and the rule in evidence is in conflict with the statute, as construed by the Supreme Court, and is therefore void. The officers of the court, as between the parties litigating, should maintain a disinterested attitude, and any rule that authorizes them to intervene is in conflict with the policy of judicial administration, unless such intervention is authorized by express statutory power.

Let the judgment be reversed.

Reversed and remanded.