### Ex parte WHITE.

### PARKER v. WHITE.

### (6 Div. 471.)

(Supreme Court of Alabama. June 18, 1925. Rehearing Denied June 25, 1925.)

**1. Costs ☞136—Right to require plaintiff removing from state to give security for costs waived when not seasonably exercised.**

Where defendant fails to seasonably exercise right under Code 1923, § 7252, to require plaintiff, removing to foreign state, to give security for costs, such right is waived and, to be timely, must be exercised before entering on trial.

**2. Costs ☞119—Entertaining of motion to require plaintiff to give security for costs within trial court's discretionary power.**

Entertaining of motion by defendant under Code 1923, § 7252, to require plaintiff, removing to another state, to give security for costs, is within reasonable exercise of discretionary power obtaining in trial court as to time within which the bond is required.

**3. Costs ☞119—Court held not to have abused its discretion in refusing during trial to require plaintiff to give security for costs.**

Where defendant did not, before entering on trial, move to require plaintiff, who had removed to another state, to give security for costs under Code 1923, § 7252, *held*, that trial court did not abuse its discretion in declining during trial to order plaintiff to give security for costs.

Petition for Certiorari to Court of Appeals.

Petition of J. H. White for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Parker v. White, 104 So. 843. Writ granted.

Sample & Kilpatrick, of Hartselle, for appellant.

If there was error in overruling defendant's motion to require security for costs, it was without injury. Sup. Ct. Rule 45, Code 1923, p. 895; Birmingham Sou. v. Goodwyn, 202 Ala. 601, 81 So. 339. The mere removal by plaintiff to another state, without intention to change residence, would not require his giving security for costs. Davis v. Brandon, 200 Ala. 160, 75 So. 908. The motion came too late. Code 1923, § 7249; First Nat. Bank of Anniston v. Cheney, 120 Ala. 117, 23 So. 733; Ex parte Jones, 83 Ala. 587, 3 So. 811; Brown v. Bamberger, 110 Ala. 342, 20 So. 114; Weeks v. Napier, 33 Ala. 568.

W. E. James, of Cullman, for appellee.

The ruling was not error without injury.

First Nat. Bank v. Cheney, 120 Ala. 117, 23 So. 733. The removal of plaintiff required the giving of security. Penn. Cas. Co. v. Perdue, 164 Ala. 512, 51 So. 352.

THOMAS, J. [1, 2] Plaintiff, petitioner, recovered judgment against defendant for the amount indicated and costs in that behalf incurred. If the court had ruled otherwise than it did on motion to require security for costs under section 7252 of the Code of 1923, the plaintiff would not have been liable for such costs. The reason for the rule, not existing under the judgment rendered, was not available for a reversal at the instance of the defendant. Moreover, the trial had been entered upon before the motion was made. The statutory requirement was for the defendant's benefit, seasonably exercised. If not so invoked, it was waived. The analogy found in construction of section 7249 obtains as to section 7252. To be timely the motion must be made before entering upon the trial. First Nat. Bk. of Anniston v. Cheney, 120 Ala. 117, 23 So. 733; Brown v. Bamberger, 110 Ala. 342, 20 So. 114; Ex parte Jones, 83 Ala. 587, 3 So. 811. However, the entertaining of such motion is subject to the reasonable exercise of the discretionary power obtaining in the court as to the time within which the bond is required and may be given. Ex parte Bradshaw, 174 Ala. 243, 57 So. 16; Colley v. Atlanta Brewing & Ice Co., 196 Ala. 374, 72 So. 45; Ex parte Jones, 83 Ala. 587, 3 So. 811.

In First Nat. Bk. of Anniston v. Cheney, 120 Ala. 117, 23 So. 733, it was declared, on the authority of Ex parte Robbins, 29 Ala. 71, and Heflin v. R. M. M. & L. Co., 58 Ala. 613, that a defendant appearing, pleading, or otherwise interposing a defense, and thereby admitting himself rightfully in court, thereafter will not be permitted to raise the objection that security for costs had not been given at the commencement of the suit. For general authorities as to when the motion may be made, see 8 A. L. R. 1511, 1517, 1522, 1528, 1530, 1533, note.

[3] The trial court abused no sound discretion, nor transcended statutory requirements, in declining, during the trial, to order plaintiff to give security for costs within the time prescribed. Code, § 7252. In Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 So. 469, application was after suit brought and before trial entered upon. In the case of Davis v. Brandon, 200 Ala. 160, 75 So. 908, it was declared that the mere removal of plaintiff, without a change of residence, did not subject him to giving security for costs under section 3690 of the Code of 1907.

The writ is granted.

All the Justices concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes