141 So. 568

## SMITH v. DANNELLY.
### 4 Div. 876.

Court of Appeals of Alabama.
March 1, 1932.

Rehearing Denied March 22, 1932.

G. A. Ward, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, and R. S. Ward, of Hartford, for appellee.

RICE, J.

This was a suit, resulting in a judgment in favor of appellee, by him, in detinue, against appellant, for the recovery of the possession of "110 Rabbit Hutches," alleged to have been manufactured by the plaintiff (appellee) and sold and delivered to appellant.

The case was tried before the court, sitting without a jury.

The principal question argued here is the propriety, vel non, of the said court's rendering, on the facts shown, judgment in favor of appellee.

Appellant cites, and relies upon, for a reversal of the judgment, the case of Neal, Morse & Co. v. Boggan, 97 Ala. 611, 11 So.

809, 810, in the opinion in which, the law, pertinent, is laid down as follows, to wit: "Where personalty is sold for cash on delivery, * * * the payment stipulated for is a condition precedent to the passing of title into the buyer, and, unless it is complied with, the seller may reclaim the property. * * * But even in such case, if delivery is made to the purchaser without presently demanding the payment thereon required by the contract, the condition precedent is waived, and the title passes. * * * 'If one sells goods for cash, and the vendee takes them away without payment of the money, the vendor should immediately reclaim them by pursuing the party.' * * * 'By an unqualified delivery, notwithstanding a cash sale, the seller relinquishes the advantage of possession, and trusts to his action on the contract.' * * * The right of reclamation, after delivery, exists only in case of fraud or deceit * * * in procuring the possession. * * * The title vested in the purchaser, and from the moment of delivery of possession the relation of buyer and seller was changed into that of debtor and creditor. This is true even where there is a sale of goods for cash. If the seller, without demanding the purchase money, *not being induced by the fraud of the buyer* [italics ours], delivers the goods to him unconditionally, the title vests in the buyer, and he becomes the absolute owner."

Appellee cites, and relies upon, to sustain the judgment of the lower court, the case of Drake v. Scott, 136 Ala. 261, 33 So. 873, 874, 96 Am. St. Rep. 25, in the opinion in which case the law, governing, is laid down as follows, to wit: "Where there is a sale of goods, to be paid for in cash on delivery, payment and delivery are concurrent acts. In such case, payment is a condition precedent to passing title to the vendee. If delivery is made without demanding payment, or under circumstances showing no expectation of immediate payment, the condition is waived, and the title passes; but if the goods are put into the possession of the buyer, on the understanding or agreement that he will pay for them immediately, and he fails or refuses to do so, the seller may recover the goods."

But we are of the opinion that there is no real conflict in the holding in each of the two cases cited—excerpts from the opinions in which we have quoted.

The complaint was but a single count, in Code form; the plea was the general issue.

We have carefully examined the testimony in the case. From it we think the learned trial judge was amply authorized to find—one of which he evidently did—either that

the said "Rabbit Hutches" were put into the possession of the buyer (appellant) on the understanding or agreement that he would pay for them immediately, or, that the seller (appellee) was "induced by the fraud of the buyer" (appellant) to surrender the said possession to him.

In either of which said events appellee was entitled to recover in this suit.

Without meaning to intimate that there would have been, otherwise, it is manifest, the trial resulting as it did, that there is no merit in the assignment of error based upon the action of the trial court in overruling appellant's motion to require appellee to give security for the costs, etc. Code 1923, § 7249; Ex parte White (Parker v. White), 213 Ala. 425, 104 So. 844.

What we have said disposes of those assignments of error argued and insisted upon.

There is shown no prejudicial error, and the judgment is affirmed.

Affirmed.