141 So. 569

**SMITH v. DANNELLY.**

**4 Div. 639.**

Supreme Court of Alabama.
April 28, 1932.

G. A. Ward, of Geneva, for petitioner.

Mulkey & Mulkey, of Geneva, for respondent.

FOSTER, J.

Petitioner here seeks to review that feature of the opinion of the Court of Appeals, 141 So. 568, which holds that appellant cannot secure a reversal of the judgment of the circuit court to the extent that it overruled appellant's motion to require appellee to give security for the costs, because appellee recovered a judgment in that court. The motion is made upon the theory that appellee was a nonresident, and filed the suit without security, as provided by section 7249, Code, and recovered a judgment. The opinion of the Court of Appeals, based upon a statement to that effect in our case of Ex parte White (Parker v. White), 213 Ala. 425, 104 So. 844, held that such was not reversible error. This was upon the idea that a failure to require such security as so provided by law was not prejudicial because plaintiff was successful in that court and the costs were not taxable against him; and, therefore, there was no necessity to secure a debt which it was held he did not owe. The opinion of the Court of Appeals is

sustained in that respect by ours in Ex parte White, supra.

Petitioner insists that in this respect our case was in error, and that the opinion of the Court of Appeals, which we then reversed, was in line with our old case of The Empire v. Alabama Coal Min. Co., 29 Ala. 698, and was correct in principle. That case was decided under the Code of 1852, at a time when the giving of security for costs was a condition precedent to the commencement of an action by a nonresident, and, if defendant moved the court to dismiss it for the failure to do so, and made the motion before other pleading was filed, the court was bound to dismiss the suit and could not grant additional time. If the court overruled such motion, seasonably made, defendant was deprived of an absolute right, which was then in effect, to have the cause dismissed on his motion, and therefore, on appeal, there was prejudicial error, though plaintiff recovered a judgment in the circuit court, because instead of such a judgment he was due to have a dismissal of his cause.

In the case of First National Bank v. Cheney, 120 Ala. 117, 23 So. 733, this court interpreted most clearly the effect of the act of February 17, 1885 (now section 7249, Code), to mean that there was thereby created a change in the rule, so that the right to make such a motion was not lost by mere pleading, but could be made at any stage before the trial was entered upon, and that the whole matter was thereby largely placed in the discretion of the court.

In the later case of Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, the whole subject was again very carefully considered, and the additional conclusion stated that any attempt to extend the period when once prescribed, by action taken after its expiration, is null and void, and, further, that the discretion referred to in the Cheney Case, supra, was in respect to prescribing the time in which the security should be given; and, as a result, that, if the security is not given by plaintiff within the time fixed by the court in the exercise of such discretion, not extended within that time, the duty of the court to dismiss the cause for such failure is the absolute right of defendant, to require which this court should, if necessary, issue its writ of mandamus.

■ We also think it is clear that it is an absolute right of a defendant to have the court fix a time in which a nonresident plaintiff must give such security if the motion is made by defendant before the trial is entered on, though after pleas have been filed.

■ The precise question presented by this petition is whether the act of the trial court in overruling such a motion, though made in due time, is prejudicial, assuming it to be error upon appeal by defendant from a

judgment in favor of plaintiff in which no costs are taxed against plaintiff. It was so held in The Empire v. Alabama Coal Mining Co., supra, at a time in the stage of the proceeding when defendant was due a dismissal of the cause against him. That case would be exactly similar in this aspect to this, if in this, as in Ex parte Bradshaw, supra, plaintiff had failed to comply with such an order of the court in the time specified. But, in this case, such is not the exact situation, for at no stage had a time come when defendant was due to have a dismissal of the cause. But he was due to have an order made which would lead to such a right if it should not be complied with. This court, in Ex parte White, 213 Ala. 425, 104 So. 844, held that, in view of the judgment of the circuit court in favor of plaintiff (and we may add its affirmance in other respects), such error was not prejudicial to appellant. Whether the distinction between the facts of this case and those of The Empire Case, supra, should lead to different results, when considered as an original proposition, the two cases in this court have so declared. In Ex parte White, supra, as in this, the prejudicial effect upon defendant's rights never fully developed, but they may have shown up in the further progress of the trial. This court in that case, with all the Justices concurring, laid down a rule of error without injury. That rule has been followed by the Court of Appeals in this case, having been reversed by this court for not doing so in the other. Our rules ought to be stable, and though we might now feel that the distinction between this case and The Empire Case, supra, is rather shadowy, and though that case was not expressly mentioned in Ex parte White, supra, we feel that we should not now reverse the Court of Appeals for deciding a case as we told them to do, in the absence of some substantial injury to appellant shown by the result.

 At the time the ruling in the circuit court was made, Ex parte White was reported in the public reports, and appellant knew that he could not review the ruling by appeal, according to the principle there asserted. He could have, by mandamus, reviewed the action of the court on his motion. Ex parte Bradshaw, supra; see, also, Dervis v. Cox, 223 Ala. 517, 137 So. 306. He elected not to do so, appreciating its effect in respect to an appeal should he afterwards need to take one, and proceeded with the trial. So that he voluntarily elected to take his chances on a favorable outcome of the trial, rather than to press further his claim to have plaintiff give security for the costs, conscious of our opinion that he would thereby lose the benefit of error if the judgment went against him. He lost on that speculation and cannot now complain.

Our judgment is that we should stand by the opinion in Ex parte White, supra, in this respect.

Writ denied.

GARDNER, THOMAS, and KNIGHT, JJ., concur in the opinion.

ANDERSON, C. J., and BROWN, J., concur in the result on the sole ground that the record shows that the motion was made after pleading to the merits, and, therefore, came too late, and cite as authority for their position Heflin v. Rock Mills Mfg. & Lumber Co., 58 Ala. 613; Brown v. Bamberger, 110 Ala. 342, 20 So. 114; Victor Adding Mach. Co. v. Long, 20 Ala. App. 633, 104 So. 679.

BOULDIN, J., dissents, agreeing to the opinion that the motion may be made at any time before entering upon the trial, but holding that, upon proof that plaintiff is a nonresident, there is a mandatory duty upon the trial court to fix the time in which security for costs shall be given, and that, upon exception to his refusal to do so, the error is reviewable upon appeal from the final judgment. In his opinion, this is a well-settled rule of law in this state, and that the present decision overrules our cases so declaring, to wit, First National Bank v. Cheney, 120 Ala. 117, 23 So. 733, supra; Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, supra; and is of the opinion that the case of Ex parte White, 213 Ala. 425, 104 So. 844, supra, being in conflict with them, should be overruled.