### TAYLOR et al. v. MORTON et al.

### 7 Div. 211.

Supreme Court of Alabama.

Dec. 7, 1933.

Rehearing Denied Jan. 18, 1934.

McCord & McCord, of Gadsden, for appellants.

Inzer, Davis & Martin, of Gadsden, for appellees.

FOSTER, Justice.

This is a creditor's bill to subject to the payment of the debt several distinct items of property, alleged to have been fraudulently conveyed by separate and distinct deeds at various times. Section 7342, Code.

Defendant moved to require one of the complainants to give security for costs because it was a foreign corporation, nonresident in Alabama, and demurred to the bill. The motion and demurrer were separately overruled. Appellants assign each as an error.

█ The decree on the motion to require security for costs is not such as will support an appeal. Section 6079, Code.

True, under some circumstances, it has been held that it may be assigned for error on an appeal from the final decree. The Empire v.

Ala. Coal Mining Co., 29 Ala. 698; Ex parte White, 213 Ala. 425, 104 So. 844; Smith v. Dannelly, 224 Ala. 592, 141 So. 569. But none of those cases has application here because this appeal is not from a final decree, but from an interlocutory decree overruling demurrer to the bill.

■ On such an appeal a decree cannot be assigned for error when it is not itself subject to appeal. Fogleman v. National Surety Co., 222 Ala. 265, 132 So. 317, and cases there cited; Forty-Eighth St. Inv. Co. v. Fairfield-American National Bank, 223 Ala. 44, 134 So. 803. Until final decree, mandamus is the only remedy. The Empire v. Ala. Coal Mining Co., supra; Ex parte Bradshaw, 174 Ala. 243, 57 So. 16. There is no such petition here presented. We cannot, therefore, review the order of the court overruling the motion to require security for costs.

■ It may not be out of place, however, to refer to the fact that security for costs under this statute—section 7249, Code—is not required when one of the complainants is a resident of the state, although all the others are nonresidents. Eudora Mining & Devel. Co. v. Barclay, 122 Ala. 506, 26 So. 113; Ex parte Jemison, 31 Ala. 392; Ex parte Bush, 29 Ala. 50; Lewis v. Lewis, 25 Ala. 315.

The suit is brought by Joseph Morton, as receiver of the Gadsden National Bank, and the Federal Reserve Bank of Atlanta. The motion is based upon the allegation that the Federal Reserve Bank of Atlanta is a foreign corporation, and nonresident of Alabama. It does not allege that all of the complainants are nonresidents of Alabama.

■ We need not here consider the question of law as to whether the Federal Reserve Bank in Atlanta is a nonresident of Alabama, since Atlanta is in the same Federal Reserve District in which Alabama is situated, and it is organized under federal law and transacts its business throughout the district. 12 USCA § 222; 14a C. J. 1214, § 3924 (19).

■ The only other assignment of error relates to the ruling on demurrer, and the particular matter on which appellant relies as constituting error is that the bill is multifarious for the joinder of separate and distinct conveyances to different grantees. We have often pointed out that this is not objectionable as multifarious. The single purpose is to collect the debt due complainant. Birmingham Property Co. v. Jackson Securities & Inv. Co., 226 Ala. 612, 148 So. 316; Spear v. Va.-Car. Chem. Co., 225 Ala. 17, 142 So. 33; Lambert v. Anderson, 224 Ala. 110, 139 So. 287; McCarty v. Robinson, 222 Ala. 55, 130 So. 680.

There was no error in overruling demurrer to the bill.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.