152 So. 31

## CONSUMERS' ROOFING CO. v. LITTLE-JOHN.

### 5 Div. 164.

Supreme Court of Alabama.

Dec. 7, 1933.

Rehearing Denied Jan. 18, 1934.

Wm. J. Slaughter, of Birmingham, for appellant.

Reynolds & Reynolds, of Clanton, for appellee.

ANDERSON, Chief Justice.

Section 7249 of the Code of 1923 provides that: "All suits at law or in equity, commenced by or for the use of a nonresident of this state, must be dismissed on motion, if security for the costs, approved by the clerk or register, be not given by such nonresident when the suit is commenced, or within such time thereafter as the court may direct."

██ It has been repeatedly held by this court that, if the defendant appeared and pleaded, or otherwise entered into the defense, without moving to dismiss for want of security for costs, this was a waiver of the objection and an admission that the plaintiff was rightfully in court. Heflin v. Rock Mills Mfg. & Lumber Co., 58 Ala. 613; Capital City Water Co. v. State ex rel. MacDonald, 105 Ala. 423, 18 So. 62, 29 L. R. A. 743; First National Bank of Anniston v. Cheney, 120 Ala. 122, 23 So. 733; Weeks v. Napier, 33 Ala. 568; Thompson v. Clopton, 31 Ala. 647; Parker v. White, 213 Ala. 425, 104 So. 844.

██ The respondent demurred to the bill, and on the same day moved to require security for cost. Which was filed first, the record does not say, except that the demurrer appears first in the record. Whether this was a waiver, we need not say, as we find better grounds for holding that there was a waiver. The complainant then filed with the register security for cost which was duly approved by him, but the security was not filed within the ten days fixed by the order of the court, but one day thereafter. Had the respondent then, and before doing anything else, moved to dismiss the bill because the complainant had not complied with the order of the court as to filing security for cost, she would be entitled to a dismissal upon the authority of Ex parte Bradshaw, 174 Ala. 243, 57 So. 16. But this was not done, and while the security was on file, and before moving to dismiss for a noncompliance with the first order, respondent had the cause submitted on her demurrer and obtained a ruling upon same. Said demurrer being overruled, the respondent filed an answer, and then moved to dismiss the cause for a noncompliance with the previous order, and which said last motion was not made for twenty days after the ruling upon the demurrer. We think that this record discloses a waiver under the rule laid down in Weeks v. Napier, 33 Ala. 568, and other cases cited. The right to make the last motion to dismiss having been waived by the respondent, the trial court erred in sustaining same and in dismissing the appellant's bill of complaint.

In citing the case of Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, we do not wish to be misunderstood as fully approving same, as it seems to be in conflict, in expression, if not in result, with Davis v. Harris, 211 Ala. 679,

101 So. 458; Daggett v. Boomer, 210 Ala. 673, 99 So. 181; Colley v. Atlanta Brewing & Ice Co., 196 Ala. 374, 72 So. 45; Parker v. White, 213 Ala. 425, 104 So. 844, but it is unnecessary, in order to decide the present case, to attempt to reconcile said authorities, as the Bradshaw Case, supra, does not hold that the right to dismiss for a failure to give the security cannot be waived.

The decree of the circuit court is reversed, and one is here rendered reinstating the bill of complaint, and the cause is remanded.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

██ As indicated in the original opinion, there is some confusion and probable conflict in some of the cases on this question growing out of changes in the statute as indicated in the case of First National Bank of Anniston v. Cheney, 120 Ala. 117, 23 So. 733. In the case at bar, we did not hold that the respondent had waived her right to make her initial motion to require security for cost as this question was left open, as it was uncertain whether the trial had been entered into when the motion was made, and it seems that she had the right, under the Cheney Case, supra, to make said initial motion at any time before entering upon the trial. What we meant to hold, and now hold, is that, when the trial court directed the complainant to give the security for cost within a fixed period, and this was not done, the case did not stand dismissed, but had to be followed up by a motion to dismiss for a noncompliance with the order of the court. In the meantime, if the respondent gave the security, which was received and approved, as here, and the respondent then proceeded to get a ruling or decree on her demurrer involving the equity of the bill of complaint, this was, in effect, an acceptance of the security for cost and a waiver of the right to claim a dismissal of the cause. Here, the security was given and approved on August 1, 1933. A decree was rendered August 21st, and the respondent did not move to dismiss the cause until September 12, 1933.

Rehearing denied.