(99 App. Div. 530)

### BISHOP v. UNITED STATES CASUALTY CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. HEALTH INSURANCE—POLICY—CONSTRUCTION.

Suffering a disease insured against under a policy of health insurance, which, independently of any other causes, rendered the insured wholly unable to transact each and every part of the duties pertaining to his occupation, is not sufficient to render the insurer liable, where the policy provides that the disease must not only so incapacitate the insured, but must also necessitate continuous confinement indoors, and treatment by a regularly qualified physician, to entitle the insured to the specified indemnity.

2. SAME—COMPLAINT—SUFFICIENCY.

> A complaint on a health insurance policy, alleging that the plaintiff
> has duly performed all of the conditions on his part, will not overcome
> the failure to allege, in the language of the policy, that the disease
> suffered necessitated continuous confinement indoors and treatment by a
> regularly qualified physician, to entitle the plaintiff to the specified in-
> demnity.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Edward B. Bishop against the United States Casualty Company. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Ellen T. Bennett, for appellant.
Alvin C. Cass, for respondent.

HOOKER, J. The defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained, and the plaintiff appeals. The action was upon a health policy issued by the defendant company. The allegation of the complaint in respect to the undertaking of the defendant is that the defendant promised, in the event of loss of time caused exclusively and directly by any of certain therein enumerated diseases, rendering the plaintiff wholly and continuously unable to transact each and every part of the duties pertaining to his occupation as police officer, and necessitating continuous confinement indoors, and treatment by a regularly qualified physician, to pay the plaintiff a specified rate per week. Following this is found an allegation that on the given date, while the policy was in full force, the plaintiff contracted rheumatism, which is one of the diseases enumerated in the policy, "and that solely and independently of any and all other causes said rheumatism rendered said plaintiff wholly unable to transact each and every part of the duties pertaining to his occupation of police officer" for a term of many days. The demurrer was evidently sustained on the theory that there was no allegation in the complaint averring that the plaintiff suffered from any disease which the prior allegations in the complaint showed to be mentioned in the policy. It was made to appear by the complaint that the policy holder was entitled to compensation if the disease—one of the several enumerated—rendered the insured unable to transact his business, and necessitated confinement indoors and treatment by a physician. The only allegation to establish that the plaintiff suffered from such a disease was the one quoted, namely, that he was wholly unable to transact any part of his duties. The defendant claims that it was incumbent upon the plaintiff to allege that the disease was such as to necessitate confinement indoors, and treatment by a physician; and, inasmuch as such is the language of the policy, as stated in the complaint, I cannot see how the plaintiff may escape. Plaintiff has undertaken by a formal, written verified complaint to set forth his cause of action, to describe

the material terms of the policy, and to allege just how he suffered from rheumatism; and in doing so has invited criticism of the substance.

It seems clear that the plaintiff would not be entitled to recover his weekly indemnity unless his physical disability was such as reasonably to necessitate continuous confinement to his house and medical treatment. In other words, no matter what the nature of the malady may have been, and no matter though it may have totally disqualified him from performing his business, if it did not require him to remain indoors, and if the professional services were not reasonably required, it was not within the contemplation of the contract that the assured should have indemnity. The plaintiff undertook to allege part of the requisite consequences of his disease, and omitted the balance. Without proof of that, the judgment in his favor could not be sustained, and I think that without its allegation he should not be permitted to reverse the decision sustaining the demurrer.

The appellant claims that the language in the fourth paragraph of the complaint that he has duly performed all of the conditions on his part is wide of the mark. Necessity of confinement indoors and of procuring the attendance of a physician, imposed by one being afflicted with rheumatism, can hardly be said to be a condition precedent in law contracts.

The order should be affirmed, with costs. All concur.