# Pennsylvania Casualty Company v. Perdue.

### *Action on Health Insurance Policy.*

(Decided Jan. 13, 1910. 51 South. 352.)

1. *Pleading; Conclusion.*—Facts should be stated in pleading upon which to base legal conclusions; hence, a complaint in an action on a health insurance policy which shows that the policy provided an indemnity for the period of any disability resulting from sickness from which insured would necessarily be confined to the house, in alleging that plaintiff was ill a certain period for which defendant was liable in the sum of $_____ per week, under the terms of the policy, stated a mere conclusion and was insufficient.

2. *Insurance; Action on Policy; Plea.*—Where the complaint claimed for sickness and disability beginning July 5th, a plea setting out a provision of the policy authorizing its cancellation by the insurer and alleging a cancellation on July 8th, but not denying liability for the period from July 5th to July 8th, is bad as failing to answer the complaint in its entirety, as it professed to do.

3. *Same; Provisions of Cancellation.*—A provision in a policy of health insurance that the insurer may cancel the policy by mailing notice of cancellation, with check for any unearned part of the premium, does not permit of cancellation during disability from sickness.

4. *Costs; Security; Removal from State.*—Where the plaintiff had left the state for New Mexico in July, 1905, and suit was commenced in August, 1906, and it appeared from plaintiff's deposition that at

[Pennsylvania Casualty Company v. Perdue.]

the time of the taking of the deposition plaintiff had resided and practiced his profession in Nevada where he had lived since March 8th, 1907, and nothing was said in said deposition of a purpose to return to Alabama, the defendant was entitled under section 3690, Code 1907, to have plaintiff give security for costs.

5. *Witnesses; Evidence to Discredit; Statements at Other Times.* —Where the action was on a health policy which provided that it should be void if the insured was suffering from tuberculosis at the time of the issuance, and the defense was that plaintiff was suffering from tuberculosis at that time, and the insured testified that he first became aware of the disease at a certain date after the issuance of the policy, it was competent to show that insured had made statement indicating that he was aware that he had the disease when he applied for the policy.

6. *Evidence; Opinion Evidence; Collective Fact.*—Where the action was on a health insurance policy which required as a condition to its payment that the insured should have been necessarily confined to the house, the insured could testify to the collective fact that his disability was total, immediate and continuous after a certain date, such matter being within his cognizance, and of such a character that an effort to have him state the ultimate elements of his condition, would have contributed nothing to the enlightenment of the jury.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by A. B. Perdue, administrator, against the Pennsylvania Casualty Company on a health insurance certificate issued to his intestate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CABANISS & BOWIE, and E. C. CROW, for appellant.— Under the provisions of the statute as it now exists, a motion to require a nonresident to give security for the costs of the suit may be made at any stage of the cause, before entering on the trial, and it is the duty of the court to require the plaintiff to give such security within a time to be prescribed by it.—*First Nat'l Bank of Anniston v. Cheney,* 120 Ala. 117; *Ex parte L. & N. R. R. Co.,* 124 Ala. 547; *Ex parte Jones,* 83 Ala. 578. The refusal of the trial court to require a nonresident to give security for costs is available on appeal.—*First Nat'l Bank of Anniston v. Cheney, supra; Steamboat*

*Empire* v. *Ala. Coal Mining Co.,* 29 Ala. 698. While warranties are not favored in contracts of insurance, when a warranty is expressly and in terms declared, its stipulations and conditions must be strictly complied with. The agreement of the parties that a statement is true, and that its falsity in any respect shall avoid the policy, makes it a warranty absolutely binding on such parties.—*Ala. G. Life Ins. Co. v. Garner,* 77 Ala. 215; *Ala. G. Life Ins. Co. v. Johnson,* 80 Ala. 475; *Kelly v. Life Ins. Clearing Co.,* 113 Ala. 465. Where only a special replication is filed to a plea, the defendant is not required to offer evidence in support of averments made in the plea which are confessed in the replication, and the burden is on the plaintiff to prove the truth of such replication.—*Lee v. DeBardeleben C. & I. Co.,* 102 Ala. 628; *Lucas v. Stonewall Ins. Co.,* 139 Ala. 487. A provision in a health policy, that indemnity shall be paid only for such disability as during which the assured shall necessarily be confined to the house, makes necessary confinement to the house a conclusive test of liability and not merely an evidentiary fact bearing upon the question of sickness.—*Dunning v. Mutual Accident Assn.,* 99 Me. 390, 59 Atl. 535; *Bishop v. U. S. Cas. Co.,* 91 N. Y. Supp. 176; *Shirts v. Phoenix Acc., etc., Assn.,* 97 N. Y. 966; *Bradshaw v. Am. Ben. Assn.,* 87 S. W. 46; *Cooper v. Phoenix Acc., etc., Assn.,* 104 N. W. 734.

KERR & HALEY, for appellee.—No brief came to the Reporter.

SAYRE, J.—Suit on a policy of health insurance. Each count of the complaint makes it to appear that the policy provided for indemnity for the period of any disability resulting from sickness from which the insured should necessarily be confined to the house during the

term of the policy. The further averment is that plaintiff
was ill during a period of 26 weeks, "for which defend-
ant was liable in the sum of $50 per week under the
terms of the policy," and more not involved in the ques-
tion here raised. The Code contains no form for a com-
plaint on a policy of this character. Its sufficiency
must therefore be tested by the principles of the com-
mon law. There can be no doubt that the defendant
was liable under its policy in the event only that the
insured was necessarily confined to the house as the re-
sult of his sickness. We need not discuss the purpose
in that provision of the policy. The parties were free
to contract on their own terms, and, having contracted,
no reason appears why the plaintiff should not stand
or fall as provided in the contract, interpreted accord-
ing to law and reason. To recover., it was necessary for
the plaintiff to prove that he had been necessarily con-
fined to the house as the result of his sickness.—*Dun-
ning v. Mutual Accident Ass'n,* 99 Me. 390, 56 Atl. 535;
*Bishop v. U. S. Casualty Co.,* 99 App. Div. 530, 91 N.
Y. Supp. 176; *Shirts v. Phoenix Accident Ass'n,* 135
Mich. 439, 97 N. W. 966; *Cooper v. Phoenix Accident
Ass'n,* 141 Mich. 478, 104 N. W. 734; *Bradshaw v.
American Benefit Ass'n,* 112 Mo. App. 435, 87 S. W. 46.
It was necessary that the complaint aver the perform-
ance of any precedent condition or warranty contained
in the policy, and the loss, or happening of the event
on which, within the terms and meaning of the policy,
the liability of the insurer attached.—*Brooklyn Life
Ins. Co. r. Bledsoe,* 52 Ala. 538. As to the point at is-
sue the complaint stated only a bare legal conclusion,
rather than facts from which the court on an inspec-
tion of the pleading could draw the conclusion that the
plaintiff had a just cause of action against the defend-
ant. The demurrer to the complaint should have been
sustained.

The complaint averred that plaintiff's sickness and disability began on the 5th day of July, 1905. Plea 7 sets out a provision of the policy in this language: "The company may cancel this policy by mailing notice of cancellation to the assured's address given in the schedule, with its check for the unearned part, if any, of the premium"—and alleges a cancellation on, to wit, the 8th day of July, 1905. It seems obvious that this plea was bad. For one thing, it fails to deny in any form liability for the period from July 5th to July 8th, and so fails to answer the complaint in its entirety, as it professes to do; for another, the interpretation of the contract put forward by this plea is not to be accepted, because, not rendered necessary by the letter, it entirely destroys the spirit of the contract. We think further comment is unnecessary. The demurrer was properly sustained.

When the plaintiff took this policy of insurance he resided at Birmingham, in this state. He left Birmingham for New Mexico on the 12th day of July, 1905. Suit was commenced on August 2, 1906. At the trial, which was had on February 14, 1908, but before entering thereupon, the defendant moved that plaintiff be required to give security for costs as a nonresident, and introduced plaintiff's deposition, taken for use at the trial, to sustain its motion. In his deposition the plaintiff deposed that at the time he resided and practiced his profession in the state of Nevada, where he had lived since March 8, 1907. Nothing is said of a purpose to return to Alabama. Counsel for appellee have filed no brief in this cause, and we are not advised of appellee's contention in the lower court on this point. On the facts as we have stated them, and as they appear in the record, it seems to us that the motion for security for costs should have been granted. We assume that

the plaintiffs in *Brown v. Bamberger, Bloom & Co.*, 110 Ala. 342, 20 South. 114, were nonresidents at the time the suit was commenced. It was held that there was no error in overruling a motion to require security for costs after the cause had been pending for three years. Here the case is otherwise, and our ruling is that plaintiff, in accordance with the statute (Code 1907, § 3690), should have been required to give security.—*First National Bank v. Cheney*, 120 Ala. 117, 23 South. 733.

Defense was interposed on the ground that plaintiff. had tuberculosis at the time of the issuance of the policy, a fact which under the terms of the policy would have avoided it. Plaintiff denied this. Evidence was offered by the defendant tending to show that plaintiff had made statements indicating that he was aware of the fact that he had incipient tuberculosis when he applied for the policy. Plaintiff testified that he first became aware of the existence of his disease on July 6, 1905; that he was examined by a physician on that day, who diagnosed his ailment as incipient pulmonary tuberculosis. In this connection, and for the purpose here indicated, the evidence was properly admitted; otherwise, it was hearsay.

In the nature of things it was necessary that plaintiff be permitted to testify that his disability was total, immediate, and continuous after July 6, 1905. This was a collective fact—a fact within the cognizance of the witness, and of such character that an effort to have the witness state the ultimate elements of his condition would have contributed nothing to the enlightenment of the jury, but would doubtless have consumed unnecessarily much of the time of the court. The witness was subject to cross-examination.

33—164

We will not consider the effect upon the result of this appeal of plaintiff's failure to file the general replication to defendant's fourth plea, and the alleged failure of the plaintiff to prove the special replication to that plea. No doubt this omission will be cured on a second trial. Nor will we consider the case on the evidence. We cannot anticipate just how the case may be presented on its return to the trial court.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.