(75 South. 908)

## DAVIS v. BRANDON. (8 Div. 945.)

(Supreme Court of Alabama. May 10, 1917.)

1. EJECTMENT ☞15(1)—CLAIM OF TITLE THROUGH COMMON SOURCE.

Where in an action of ejectment both parties claimed title through plaintiff's grandfather, neither could dispute grandfather's title.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 59.]

2. TRIAL ☞259(1)—REFUSAL OF INSTRUCTIONS.

We cannot put the trial court in error for refusing instructions not requested in writing, as required by statute.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 648, 650.]

3. COSTS ☞110(4)—SECURITY FOR PAYMENT—"REMOVAL" FROM STATE.

Under Code 1907, § 3690, providing that if suit be commenced by a resident, who afterwards removes from the state, defendant may require security for costs, mere removal of plaintiff resident from the state without a change of residence did not subject him to giving security for costs; "removal" as used in the statute including only such absences as amount to a change of residence.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 432, 448, 449.

For other definitions, see Words and Phrases, First and Second Series, Removal.]

4. TRIAL ☞307(3) — DEPOSITIONS—SENDING TO JURY ROOM.

It is frequently a question of discretion whether showings for absent witnesses should be carried out by the jury upon retiring to consider the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 735, 736.]

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Ejectment by Henderson I. Brandon, Jr., against Margaret Davis. Judgment for plaintiff, and defendant appeals. Affirmed.

David A. Grayson, of Huntsville, for appellant. Betts & Betts, of Huntsville, for appellee.

MAYFIELD, J. If this record presented any novel or intricate questions for decision, we are not prepared to say that the court would be willing or able to search them out, and dispose of each, as it usually attempts to do. That which purports to be a bill of exceptions, intended to present the questions which would not otherwise appear of record, is nothing short of a stenographic report of all the proceedings had in the lower court. There has been no attempt to separate that which is relevant or material to the questions at issue from that which is irrelevant and immaterial. To ascertain whether or not there is any merit in any of the exceptions or assignments, we are compelled to examine scores of pages of the transcript, voluminous as it is. Fortunately, however, there are presented no new or complicated questions; and we are thoroughly convinced that if there intervened any errors which this court could revise or correct, they were without possible injury to this appellant.

The action is ejectment, or one in the nature thereof, and the only disputed question of fact and of law—that upon which the rights of the litigants depend—is whether or not appellant or those under and through whom she claims title have acquired such title by ten years' adverse possession.

[1] Many of the assignments of error can and should be disposed of, for the reason that they go to rulings on evidence and rulings of the court to show title in Henderson Brandon, Sr., the grandfather of appellee. If any error intervened in these rulings it was without possible injury, because both par-

ties claimed title through him as a common source. Appellant as well as appellee asserted title in him, and each claimed through him either by deed or by adverse possession. So in this action neither party can dispute his title.

Plaintiff, appellee here, was unquestionably entitled to recover, unless appellant has acquired the title which was once in the common source. Plaintiff shows a valid deed to him from the common source, which, as matter of law, passed the legal title, provided that title was in the common source at that date. Appellant's claim is that the title did not pass, because the grantor had theretofore sold and conveyed the land to one Ned Lewis, who, in turn, had sold and conveyed to appellant (defendant below). If any deed was ever made to Lewis, it was lost; no such deed was recorded. The proof of such a deed depended upon oral and hearsay testimony, which was submitted to the jury under proper instructions; and the jury found against appellant on the issue.

It was also contended by appellant that, even if no deed was ever in fact executed by the common source of title to Lewis, the latter did actually buy it and pay for it, or else acquired title thereto by adverse possession for ten years. Appellee claimed, however, that the possession of Lewis had its inception in Lewis' relation of tenant of the common source, and not in that of purchaser; that his possession was not adverse, but was that of the common source of title. These questions were each fairly inquired into, and were fairly submitted to the jury under proper instructions from the court, and the jury found the issue in favor of the plaintiff. The charges involving these questions certainly stated the law as favorably to appellant as she was entitled to have it stated, and we find no charges given for appellee which stated it differently. Some of these instructions were as follows:

"(1) If the jury believes from the evidence that Ned Lewis had bought the lot in question from Henderson Brandon, and had paid him for it, prior to the time he made the deed to Margaret Davis, then your verdict should be for the defendant.

"(2) Under the laws of Alabama, if Ned Lewis went into possession of said lands claiming them as his own and asserted said claim openly and notoriously against all the world, and continuously for a period of ten years prior to the 11th day of February, A. D. 1893, and continued in possession of said property until he deeded it to Margaret Davis, who continued to claim same as his own, then plaintiff would not be entitled to recover in this action, unless he has shown that he or his tenants have been in the adverse possession of said property, holding continuously for a period of ten years.

"(3) In the event you believe from the evidence that Ned Lewis received the deed from Henderson Brandon of said lot, although the deed had not been recorded, and cannot now be found, the holding of Ned Lewis would be under color of title.

"(4) Plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of the defendant."

"(6) It is not necessary that the deed in question should have been witnessed, where the deed was acknowledged by a justice of the peace, in order to pass the legal title, and make the instrument a good deed.

"(7) If Ned Lewis purchased the lot in question from Henderson Brandon in 1881 or 1882 and paid him for it at about that time, they should render a verdict for the defendant, if he claimed said property adversely and continuously to the time the deed was made to Margaret Davis."

"(11) Persons holding possession under color of title, in good faith, are not responsible for damages or rent for more than one year before the commencement of this suit."

[2] We can seen no reason for appellant to complain, as to the instructions given on any of the issues involved. The exceptions to the oral charge are very general; but with the charge we find no fault, except, possibly, that some portions (unnecessary to here point out) were too favorable, perhaps, to appellant. In fact, the trial court seems to have given all the instructions which were requested in writing; and of course we cannot put the court in error for refusing instructions which were never requested in writing as the statute requires.

There are a great many assignments of error as to rulings on evidence. It would serve no good end to treat each exception separately, or to write anything to justify the ruling. The assignments either are palpably without merit, or present questions uniformly decided by this court to be without merit. If it could be said that some of the rulings might be erroneous in some cases, yet, as is affirmatively shown by this record, none could be said to be injurious to appellant; most of them going to show title in the common source.

[3] There was no error in the court's ultimately declining to compel the plaintiff to give security for the costs of the suit. Appellant insists that the mere removal of a plaintiff resident from the state, though he does not thereby change his residence or become a nonresident, subjects him to the burden of giving security for costs. We do not so interpret the statute. "Removal," as the word is used in the statute, includes only such absences as amount to a change of residence. The statutes do not require residents to give security for costs merely because they are temporarily absent from the state, but without intent to change residence. The evidence in this case does not show that plaintiff ever became a nonresident of this state and thereby liable to give security for costs. Code, § 3690; Penn. Cas. Co. v. Perdue, 164 Ala. 512, 51 South. 352; White v. Simpson, 124 Ala. 238, 27 South. 297; Vandiver v. Waller, 143 Ala. 411, 421, 39 South. 136.

Whatever new or additional testimony shall be allowed or rebutted is largely discretionary with the trial court, and we find no abuse of this discretion in this case.

[4] It is frequently a question of discretion also whether or not showings for absent wit-

nesses should be carried out by the jury upon their retiring to consider the case; and we find no error in this respect. A. G. S. R. R. Co. v. Heald, 178 Ala. 646, 59 South. 461; Smith v. State, 142 Ala. 14, 39 South. 329.

The defendant was palpably not entitled to have the action dismissed at any stage of the proceeding, much less at the time she made her motion to that end.

We find no error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.