OLEZENE v. EAGLE LIFE INS. CO., INC.

(March 26, 1928. Opinion and Decree.)

CLAIBORNE, J. Plaintiff claims weekly benefits to the amount of $60 with the double penalty sanctioned by section 3 of Act 310 of 1910, and $30 attorney's fees. He alleges that on October 11, 1926, he took a policy with the defendant; that said policy provides for a weekly indemnity of $5 for an accident; that on May 12, 1927, while plaintiff was loading a ship, he slipped on a plank and fell, injuring himself and making himself unable to perform any work of any reasonable kind; that his "weekly receipt book was paid up and in good standing at the time of said accident"; that defendant paid plaintiff one week's indemnity of $5, and has refused to pay any more; that defendant owes him 12 weeks commencing May 26th and ending August 11, 1927, besides penalty and attorney's fees.

The defendant admitted that plaintiff was insured, as alleged by him, but denied all other allegations of the petition.

Further answering, defendant admitted "paying to plaintiff the sum of $5, the said amount being all that plaintiff was entitled to under the policy and contract with defendant, he, the said plaintiff, being at that time less than two weeks in arrears in payment of the premiums of the policy, but thereafter the said plaintiff was more than two weeks in arrears and not entitled to be paid sick relief."

There was judgment in favor of the defendant dismissing plaintiff's suit.

Plaintiff appealed.

The clause in the policy upon which defendant relies is as follows:

"No. 4: This policy shall not lapse for non-payment of premiums until the premiums shall remain unpaid for four consecutive Mondays. The right of the insured, however, to receive sick or accident benefits under this policy shall be suspended when the premium shall be unpaid for two consecutive Mondays or more, and the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability beginning or occurring within the period of such arrears."

In consideration of the weekly payment in advance of a premium of 25 cents, the company obligated itself to pay the as-

sured a weekly allowance of $5 for sickness or accident.

It is conceded that the plaintiff, on May 9th, paid a premium of 25 cents which carried him to the week ending May 16th. On May 12th his accident happened, for which the company, on May 25th, paid him $5. On May 23rd, the defendant's collector did not call upon the plaintiff to collect the premium, but the plaintiff on the next day, the 24th, called at the company's office and paid 50 cents for premiums payable on advance on May 16th and May 23rd. Because these payments had been made in arrears "when the premiums were unpaid for two consecutive Mondays," the company refused to pay any more benefits.

It is questionable whether the defendant company had a right to require the payment of premiums while it was paying benefits to the assured, but, assuming that it did, there are two reasons in this case why the company's refusal and the judgment appealed from are both wrong.

The first is that at the time the second premium became due, on May 23rd, the company owed the plaintiff a benefit of $5 which operated a compensation of his debt, pro tanto, for that premium, as well as for the first premium also due since May 16th, for which the plaintiff paid the defendant 50 cents on the same day.

The second is that failure to pay the premiums for two consecutive Mondays only defeats benefits for past sickness or disability "beginning or occurring within the period of such arrears."

Plaintiff's disability did not begin within the period of the arrears, and, if it "occurred" within that period, it lasted only two weeks from May 16th to May 30th, which was the only time during which, it

might be said, plaintiff was not entitled to a benefit.

But what we said concerning the first premium applies to the second; that is, that the plaintiff was not in arrears as long as the company owed it a benefit in excess of the two premiums.

We think, therefore, in the language of section 3 of Act 310 of 1910, p. 528, that the defendant has been guilty of delay in payment of the benefits of plaintiff without "just and reasonable grounds," and has subjected itself to the penalty provided by that act, double the amount due under the terms of the policy.

These benefits are intended to relieve urgent and immediate wants, and it is a matter of public policy, as indicated in the act of 1910, that insurance companies should not defeat this object by delay "without just and reasonable grounds."

The plaintiff in this case was injured in May, 1927, 10 months ago, and a benefit granted at this late date loses its name.

The case of Sincer vs. Latin American Co., No. 10,717, O. B. 73 of this court, 121 So. —, quoted by defendant, is not in point. In that case the plaintiff was hurt on August 17th; on that date, says the court, two weekly premiums due August 10th and 17th were in sufferance, and were paid only on August 19th.

The policy contained the following clause:
"* * * But in no case shall the payment of any past due premiums, two Mondays or more in arrears, entitle the insured to claim or receive indemnity for injury or disease received or contracted prior to said payment or within 28 days thereafter."

Such were not the facts in this case. Here the injury was received while the

plaintiff was in good standing. It was only after the accident that he became in arrears.

The plaintiff received 12 sick certificates. He was paid one. The remaining 11 represent $55. The penalty is $55, and the attorney's fees we fix at $25.

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that the defendant the Eagle Life Insurance Company, be condemned to pay to the plaintiff, Victor Olezene, Jr., the sum of $135 with 5 per cent per annum interest from August 16, 1927, until paid, and all costs of suit.