### SMITH–CANCLAR v. UNITY INDUSTRIAL LIFE INS. & SICK BEN. ASS'N OF NEW ORLEANS.

### No. 14194.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1932.

Chas. J. Mundy, of New Orleans, for appellant.

Chester Owens, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit on two sick benefit policies of industrial insurance. Plaintiff alleges that on July 29, 1930, she sustained certain accidental injuries which totally disabled her for more than six months, and that, under the policies sued on, she was entitled to a total benefit of $5 per week for a period of twenty weeks; that only five weeks had been paid her and that, consequently, there was due fifteen weeks at $5 per week; that payment was arbitrarily refused, with the result that defendant, by the terms of Act No. 310 of 1910, has made itself liable for double the amount due under the policy, together with a reasonable attorney's fee. Defendant contends: First, that plaintiff was not in fact disabled by the accident she suffered; and, second, that she failed to execute and file with it weekly claim certificates, as required by the policies sued on; and, finally, that one of the policies, No. 245,217, contained a misstatement as to her age, which was given therein as 41 years, whereas in the first policy issued thirteen years previously her age was stated to be 38 years, making her correct age, at the time of the issuance of the second policy, 51 years.

There was judgment below in plaintiff's favor for $125, plus $25 as attorney's fee. The defendant has appealed.

The evidence on the question of plaintiff's injury and disability, as given by her physician, is uncontradicted and to the effect that she was incapacitated for a period extending far beyond the twenty weeks, the limit of indemnity mentioned in the policies.

██ At the expiration of the first five weeks of disability further payment was refused plaintiff upon the basis of $5 a week and she was offered half that amount, which she declined, whereupon for two consecutive weeks she presented the usual certificates, executed by the attending physician, and was told that it was useless to file further certificates, as the claim would not be paid. There was, therefore, no need for plaintiff to go through the vain performance of presenting further certificates. Monteleone v. Royal Ins. Co., 47 La. Ann. 1563, 18 So. 472, 56 L. R. A. 784.

██ The evidence satisfies us that plaintiff misstated her age, but, when the misstatement was made, whether in the first policy where her age is stated to be 38, or in the second policy issued thirteen years later, where it is given as 41, is not clear. She testified that she did not know her age and does not know it now, her parents having died when she was very young. She is a negro washerwoman, and, while she can sign her

name, she can neither read nor write. Her explanation of the conflict in the statements of her age is that the agent who wrote the policy guessed at it when she informed him she did not know it. The provision of the policy concerning the misstatement of age reads as follows: "In case of mistake or misstatement in age the Association will only be liable for the amount of benefits payable according to its table at the proper age."

There is no table embodied in the policy and none has been introduced in evidence. The defendant has, therefore, failed to meet the burden of proof on this point. Moreover, at the time of the issuance of the second policy, where plaintiff's age is given as 41, the defendant had in its files the information that thirteen years previously, in a former policy, her age was given as 38. The policies are stamped for identification with each other, the earlier policy bearing the notation "Addition to Policy #245217, issued 7/26/20," and the later policy "Addition to Policy #1313 issued 5/6/07." It must be presumed, therefore, that the company was possessed of the knowledge of the misstatement of the age and nevertheless elected to continue the policy in force. Union National Bank v. Manhattan Life Ins. Co., 52 La. Ann. 36, 26 So. 800.

Finally, we see no reason to relieve the defendant of the penalties as provided by Act No. 310 of 1910, since there appears no sincere effort on its part to ascertain and discharge its obligation in the premises. No medical examination of plaintiff was made and no reasonable excuse offered for the failure to continue the weekly payments, as it had contracted to do under its policies.

For some reason the court, a qua, allowed only $125, whereas double the amount sued for should have called for a judgment of $150. However, since no appeal has been taken by plaintiff and no answer filed to defendant's appeal seeking an amendment of the judgment in plaintiff's favor, the amount of the judgment cannot be increased.

Consequently, and for the reasons herein assigned, the judgment appealed from is affirmed.

Affirmed.