147 So. 640

### BENEFIT ASS'N RY. EMPLOYEES v. BRAY.

#### 8 Div. 490.

Supreme Court of Alabama.

April 13, 1933.

J. Foy Guin, of Russellville, for appellant.

Wm. L. Chenault, of Russellville, for appellee.

FOSTER, Justice.

This is an action on a policy of health insurance with provision for monthly payment of premiums by the paymaster of insured's employer. There was a controversy as to whether the paymaster made the payments for several months prior to February 2, 1931, when insured contracted pneumonia, and was sick until April 10, 1931, or longer. There was an issue for the jury on that question.

But defendant pleaded (No. 8) what it called a set-off, but it was more properly recoupment, claiming the amount of certain monthly premiums, alleged to be unpaid. The court sustained demurrer to this plea, apparently on the ground that notice of it was not served on plaintiff, as required by section 10181, Code. But if plaintiff appears generally and moves to strike or demurs to such plea, it is a waiver of the notice. Besides the want of the notice is not a defect in the plea which a demurrer may reach. There is no other assignment of demurrer to the plea which points out a substantial defect. Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583; Graves v. Ætna Ins. Co., 215 Ala. 250, 110 So. 390.

We cannot say that a finding by the jury for plaintiff, and thereby that the monthly premiums were paid prior to February 1931, is conclusive that there was no injury in sustaining such demurrer. For as to February, March, and April, while the premiums could be paid at any time during each month (Continental Casualty Co. v. Vines, 201 Ala. 486, 78 So. 392), we do not understand that, because he was sick during those months, for which in the suit he seeks a recovery, the premiums were not payable. The policy does not seem to relieve the insured of their payment during that period. When the sickness begins, while the policy is in force, the sick benefits then begin to accrue, and a policy cannot be avoided or canceled for nonpayment of premiums when the sick benefits unpaid are sufficient to discharge them. Carter v. Washington Fidelity Nat. Ins. Co., 10 La. App. 14, 120 So. 424; Olezene v. Eagle Life Ins. Co., 11 La. App. 153, 121 So. 881.

There is a general rule that an insurance policy cannot be canceled by the insurance carrier for nonpayment of premiums when it has a credit to the insured of an amount equal to such premium otherwise unappropriated by the insured. Equitable Life Assur. Society v. Roberts, ante, p. 8, 145 So. 157.

It is also said to be contrary to the spirit of the contract of health insurance so to interpret a clause in the policy which permits its cancellation without cause as to authorize it to be done under such a provision during the sickness covered by it. Pennsylvania Casualty Co. v. Perdue, 164 Ala. 508, 51 So. 352. See Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816.

But that does not mean that for the period of such sickness the premiums were not due to be paid. We know of no reason why, to the extent at least of the premiums for February, March, and April, it was not prejudicial to defendant to sustain the demurrers to plea 8.

We do not think it is necessary or appropriate to discuss other assignments argued by appellant, since it would improperly affect another trial.

For the error in sustaining the demurrer assigned to plea No. 8, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.