**CARRAL v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.**

**No. 1220.**

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

S. S. Reid, of Amite, for appellant.

Mat. J. Allen, of Amite, for appellee.

ELLIOTT, Judge.

Frank Carral obtained from the National Life & Accident Insurance Company, Inc., insurance against accidental injury. On or about May 27, 1932, he received an accidental injury in his left eye, which required treatment by a physician. The defendant paid insurance for 2 weeks at the rate of $13 per week, and then, acting on the advice of local agents, refused to pay more and suit followed. Plaintiff claims that his injury produced in him a total disability for 5 weeks in addition to the 2 weeks on account of which insurance was received; that more than 30 days elapsed after due notice and proof of disability and, the defendant having refused to pay, without due and reasonable grounds such as to put a reasonable and prudent business man on his guard, he is entitled under Act No. 310 of 1910, §§ 2 and 3, to double the amount of insurance due under the policies with attorney's fees in addition as a penalty under the act for nonpayment.

The National Life & Accident Insurance Company, Inc., for answer admits the issuance of the policies sued on, and that plaintiff was accidentally struck in his left eye by a rock while at work, and that it paid him 2 weeks' insurance at the rate stated and claimed in the petition, but it denies all further liability. The trial resulted in a judgment in favor of the plaintiff as prayed for, and the attorney's fees were fixed at $50. The defendant has appealed.

The weekly amount claimed is not disputed, but defendant insists that the 2 weeks during which insurance was paid is all that it owed plaintiff on account of his injury, and was unjustly condemned to pay more, and especially is it claimed that the penalty provided for by Act No. 310 of 1910 should not be imposed. The testimony of the plaintiff that he was totally disabled for 5 weeks in addition to the 2 weeks on account of which insurance was received is supported by the medical testimony in the case. The physician who treated plaintiff's eye was in the employment of the company for whom the plaintiff was at work when injured. The same physician was also in the employment of the National Life & Accident Insurance Company, Inc., but there is not the slightest trace of bias or leaning one way or the other on that account. The physician impresses that his desire was to be fair to all parties concerned, and his testimony is convincing. The substance and effect of his testimony is that the injury to plaintiff's eye did not physically disable him from doing the work in which he was engaged for the 5 weeks on account of which plaintiff claims additional insurance, but he says and makes it plain that the character of the eye injury and the nature of the work in which plaintiff was engaged was such that an earlier return to work might have aggravated his injured eye and prevented it getting well; that it was not safe to return to work until all danger on that account had passed, and that he deemed it best not to take any chances which might have brought about a condition which would have resulted in the loss of the eye. It was pursuant to the ad-

vice of the physician that plaintiff refrained from work; the idea being to protect the eye for the 5 weeks that he did not work. There is evidence that plaintiff was seen by one party driving on the road, another claims to have seen him in his field, etc., but plaintiff was wearing a shield over his eye, and the effort to show that he might as well have been performing his usual work arises, we think, from too much enthusiasm on the part of parties in the service of defendant. It was the duty of the plaintiff to follow the well-meant advice of the physician. Defendant has two local agents who, it seems, took it on themselves to pass on plaintiff's capacity for work, and they reached the conclusion that the precaution of the physician was unnecessary, and advised defendant that plaintiff was able to return to work after 2 weeks and to stop payment, which it seems defendant did without consulting the physician. We are satisfied from the evidence that plaintiff is entitled to the 5 weeks' insurance claimed in his petition in addition to the 2 weeks received. As for the penalty, we have considered the evidence on that subject, and it is our conclusion that the penalty was properly imposed.

Judgment affirmed; defendant-appellant to pay the cost in both courts.