## WILKINS v. UNIVERSAL LIFE INS. CO.*
### No. 15094.

Court of Appeal of Louisiana. Orleans.
Feb. 4, 1935.

---

*Rehearing denied Feb. 18, 1935.

Rudolph O. Vorbusch, of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a health and accident policy of industrial insurance for twelve weeks' disability at $5 per week. It is alleged that defendant arbitrarily refused to pay and that, therefore, there is also due plaintiff double the amount of the claim, or $120, plus $50 as attorney's fees as a penalty under the provisions of Act No. 310 of 1910. A total of $230 is claimed. The defendant admitted liability for six weeks' disability at $5 per week, or $30, which amount it avers it was prepared to pay, and denied that any further sum was due.

There was judgment below for the twelve weeks' disability, or $60, plus $60 and $25 attorney's fees as a penalty, or $145 in all. Defendant has appealed and plaintiff has answered the appeal asking that the award be increased to the amount claimed in the petition, and also for 10 per cent. damages for frivolous appeal under article 907 of the Code of Practice.

Annie Wilkins, the insured, suffered a sprained ankle, an accident which, it is conceded, was covered under the terms of a policy which she had with the defendant, Universal Life Insurance Company. For such disability, the policy stipulated for the payment to the assured of a weekly benefit of $5 per week. Plaintiff was injured on June 12, 1934, and six weeks thereafter (July 26th), through Mr. Conrad Meyer, the attorney who at that time represented her, submitted six weekly claim blanks, certified to by her physician in accordance with the provisions of the policy. Defendant contends that an agreement was entered into with Mr. Meyer to pay the six weeks providing no further disability was claimed. This is denied by Mr. Meyer, who states that at that time no more than six weeks' disability was due. Subsequently, on September 22, 1934, a check was drawn to Mr. Meyer, but was never delivered, and he disclaims any knowledge of its having been drawn. The compromise agreement is not established and no reasonable ground for resisting payment advanced.

Dr. R. H. Potts, assistant coroner of the city of New Orleans, attended plaintiff and testified that the period of her disability was fully twelve weeks. In fact, her ankle was kept bandaged for three months. The defendant's doctor, who made one call upon the plaintiff, failed to examine her foot, stating that the plaintiff refused to permit him to do so, but, in conversations which he had with the plaintiff's doctor and with her attorney, no mention was ever made of plaintiff's refusal to permit an examination and no desire expressed to do so. Carlos Valle, the defendant's local manager, testified that no effort was made to settle plaintiff's claim until September 21st, when the $30 check was issued, though she was injured on the 12th of June. Plaintiff's claim is fully established by the evidence, and we are of opinion that she should have been promptly paid. We find no merit in the defendant's position.

Sections 1, 2, and 3 of Act No. 310 of 1910 read as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That no life, health or accident insurance company shall write policies or contracts of insurance, in this State, insuring any person against loss on account of sickness or accident, wherein payment of or indemnities shall be deferred longer than thirty days from written notice, and proof to the company, by the attending physician, in the form required by the terms of such policy or contract of insurance, informing the company of such sickness or accident, entitling the assured to payment under the terms of such policy or contract.

"Section 2. Be it enacted, etc., That payment by such companies to the assured shall not be delayed for a longer period than thirty days from due notice and proof of disability, without just and reasonable grounds such as to put a reasonable and prudent business man on his guard.

"Section 3. Be it enacted, etc., That the insurance company guilty of such delay in payment, unless upon just and reasonable grounds, shall pay to the assured, as a penalty, double the amount due under the terms of the policy or contract, during the period of delay, with attorney's fees to be determined by the tribunal before whom suit is instituted."

Counsel for plaintiff contends that the words, "shall pay to the assured, as a penalty, double the amount due under the terms of the policy", mean that, in addition to the amount due for disability, the penalty for unreasonable delay in payment should be double that amount, or 200 per cent. of the claim, making the total due three times the amount which the policy calls for.

We find the penal provision of the statute none too clear, but we are not disposed to extend it by implication, for penalties and for-

feitures are not favored in law. The statute does say that the company "shall pay to the assured, as a penalty, double the amount due under the terms of the policy," but it does not say that the penalty shall be in addition to the original amount claimed, and we believe that it is reasonably susceptible of interpretation as imposing a liability upon the company delaying payment without just and reasonable grounds of 100 per cent. of the claim by requiring the payment of "double the amount due under the terms of the policy." In other words, the penalty is a double payment of the amount withheld, instead of triple payment, as counsel contends. Of course, strictly speaking, the payment of a just debt is not a penalty, and, if the words of the statute be given their literal meaning, no part of the amount due under the policy could be included in the penalty. However, we are of the opinion that the Legislature intended the penalty to consist in doubling the claim and not double the claim as a penalty. This interpretation of the act, so far as we know, has been uniformly indulged, but, it is fair to say, without any consideration of the contention made for the first time, we believe, by counsel in this case. Smith-Canclar v. Unity Industrial Life Ins., etc., Co. (La. App.) 144 So. 264; Carral v. National Life & Accident Ins. Co. (La. App.) 149 So. 901; Brent v. La. State Life Ins. Co., 7 La. App. 99; Olezene v. Eagle Life Ins. Co., 11 La. App. 153, 121 So. 881.

In Jackson v. Unity Industrial Life Ins. Co., 142 So. 207, 211, we said: "We have been unable to find that, since the enactment of Act No. 65 of 1906, any court has discussed the effect of section 7 of that act on future legislation; but we do find that, in a very large number of cases, more than twenty-five, in fact, the later statutes to which we have referred have been applied to industrial insurance companies. It is only fair to say that in none of those cases was section 7 of Act No. 65 of 1906 discussed or considered, and that in only one of them, Oglesby v. Life Insurance Co. of Va., 12 La. App. 311, 124 So. 551, 552, did the court discuss the question of the general applicability of all-inclusive statutes to particular or special corporations. In such situation, where, for more than twenty-five years, statutes have been held applicable to industrial insurance companies, courts should, of course, be very loath to upset a rule which has become so firmly established. Tessier v. Jacobs, 164 La. 239, 113 So. 833."

To the same effect see Evans v. First Nat. Life Ins. Co. (La. App.) 142 So. 356.

Twenty-five dollars was allowed by the trial court as attorney's fees, which we believe to be a proper award in view of the small amount involved.

It follows, from the view which we have expressed concerning the unreasonable nature of the defense to plaintiff's claim, that the appeal to this court for a review of the judgment of the trial court, which failed to find any merit in the defense, is frivolous, and, consequently, the prayer for 10 per cent. damages for frivolous appeal must be allowed.

For the reasons assigned, the judgment appealed from is amended by the addition of 10 per cent. thereof as a penalty for frivolous appeal, and, as thus amended, it is affirmed.

Amended and affirmed.