162 So. 138
**BARNWELL v. MacMAHON.**
I Div. 181.

Court of Appeals of Alabama.
April 2, 1935.

Rehearing Denied June 4, 1935.

Gaillard & Gaillard, of Mobile, for appellant.

Wm. V. McDermott, of Mobile, for appellee.

RICE, Justice.

This case was tried before the court, sitting without a jury.

The appeal is governed by Code 1923, §§ 9498 and 9502. So it will be seen that it is unnecessary for there to have been interposed below a motion to set aside the judgment in order to call into play our revisory powers over same as for that it was against the weight of the evidence.

But it is established (Code 1923, § 7318) that "although on appeals under those [these] circumstances, it is provided by sections 8599, 9498, and 9502 that there shall be no presumption in favor of the judgment of the circuit court, this [the Supreme] court has repeatedly held that it will review the conclusions of fact reached by the judge trying the case, when the evidence is given orally before him [as in the instant case, we interpolate] *only* on the same basis that the verdict of a jury will be reviewed, when a motion is made to set aside the verdict as being contrary to the weight of the evidence." Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912. (Italics ours.)

Applying the just above-quoted rule, we may say here, as was said by the Supreme Court in the case cited, "there is no principle of law involved, necessary to consider on this appeal. There was ample evidence to justify the finding by the court, and we cannot say it was contrary to the weight of the evidence, nor particularly against its great weight."

The judgment of the circuit court is affirmed.

Affirmed.