**The FEDERAL LIFE INSURANCE COMPANY, a body corporate, Appellant,**

v.

**Euzella JONES, Appellee.**

**No. 1943.**

Municipal Court of Appeals for the
District of Columbia.

Argued March 11, 1957.

Decided May 14, 1957.

---

6. Chesapeake B. R. Co. v. Hupp Automatic M. E. Co., 48 App.D.C. 123.

Charles Sumner Brown, Washington, D. C., for appellant.

Jacob Stein, Washington, D. C., for appellee. Manuel C. Avancena, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

For a premium of fifty cents appellee was insured by appellant on a week-to-week basis under an accident and health policy which provided, among other things, that in the event of sickness requiring continuous bed confinement, weekly benefits of thirteen dollars would be paid for a maximum of twenty-six weeks. It also specified that "if any premium is not paid when due, this policy shall lapse;" that the insurance was renewable at the option of appellant; and that "upon the payment of claim hereunder any premium then due and unpaid may be deducted therefrom." [1]

After paying premiums for some six or seven years appellee became ill in April 1955 and since then has been bedridden and under the care of several physicians. She continued to pay premiums until October 1955 and received benefits for about seven weeks. According to appellee, at the end of this time the company informed her it wished to cancel the policy. As a result, she discontinued making payments; thereupon, the company declared her policy forfeited and refused to honor any further claims. Appellee then instituted this action to recover benefits alleged to be still owing for the remainder of the maximum period, and was awarded judgment. This appeal followed.

Appellant takes the position initially that it should not be held liable for any benefits after the date premium payments were discontinued because, by the terms of the policy, such nonpayment worked a forfeiture of all rights thereunder; and, secondly, the facts here do not warrant application of the doctrine that funds in the hands of the insurer belonging to the insured must be applied to the payment of premiums in order to prevent a forfeiture. As to appellant's first contention, we concede it is well taken. As a general rule, a contract of insurance is not invalidated by nonpayment of premiums; and if a loss occurs while the policy is in effect, a subsequent failure to make payments will not defeat the previously established right to indemnity. However, if the contract of insurance specifically provides that upon failure to make timely payment of a premium the policy shall be forfeited, "such nonpayment works a forfeiture of the contract, because the contract so prescribes, and because such a stipulation is a material and essential part of the contract." [2] In the instant case then it would seem that appellee's right to benefits was lost because of her nonpayment of premiums unless the rule against forfeitures applies. We hold that it does.

If the insurer has in its possession funds presently due the insured sufficient to pay a premium when due, it is the duty of the insurer to apply the monies so as to avoid the forfeiture of the policy.[3] That this principle governs the instant case is virtually self-evident: indeed, the policy itself foresees this result in its proviso that "upon the payment of claim hereunder any premium then due and unpaid may be deducted therefrom." Here, appellee became ill while the policy was in full force and effect, and remained totally disabled for the entire twenty-six weeks for which she was promised benefits. Appellant had notice of her affliction and in fact paid her benefits for a seven-week period. Thus, appellant had funds belonging to appellee which it should have applied to the payment of the premiums in order to avoid a forfeiture.

Affirmed.

1. See in general Code 1951, § 35–712.
2. 29 Am.Jur., Insurance, § 436.
3. American Ins. Co. of Texas v. Brown, 1950, 203 Okl. 407, 222 P.2d 757; Clinkscales v. North Carolina Mut. Life Ins. Co., 1942, 201 S.C. 375, 23 S.E.2d 1; Olezene v. Eagle Life Ins. Co., 1928, 11 La.App. 153, 121 So. 881. See also, 29 Am.Jur., Insurance, § 415; 15 Appleman on Insurance, § 8302 (1944).