96 So.2d 185

Joseph Manuel HILL

v.

**METROPOLITAN LIFE INSURANCE COM-
PANY and Republic Steel Corporation.**

6 Div. 137.

Supreme Court of Alabama.

May 23, 1957.

Rehearing Denied June 27, 1957.

Lipscomb, Brobston, Jones & Brobston and W. E. Brobston, Bessemer, for petitioner.

Cabaniss & Johnston and E. T. Brown, Jr., Birmingham, for Metropolitan Life Ins. Co.

Burr, McKamy, Moore & Thomas and Samuel H. Burr, Birmingham, for Republic Steel Corp.

LAWSON, Justice.

Writ of certiorari to the Court of Appeals was issued out of this court on the application of Joseph Manuel Hill to review the opinion and judgment of the Court of Appeals in the case of Hill v. Metropolitan Life Insurance Co., 96 So.2d 184.

The Court of Appeals found that the facts of the instant case are identical with the facts in the case of Metropolitan Life Ins. Co. v. Korneghy, 37 Ala.App. 497, 71 So.2d 292, and held that the principles enunciated in the Korneghy case, supra, are decisive of the questions presented to that court in the instant case.

The Korneghy case, supra, was not reviewed by this court inasmuch as the application for the writ of certiorari filed in that cause was not on transcript paper. Metropolitan Life Ins. Co. v. Korneghy, 260 Ala. 521, 71 So.2d 301.

After a careful consideration of the briefs filed in this court and of able argument of counsel, we have concluded that the holding of the Court of Appeals in the Korneghy case, supra, is correct and that the opinion in that case correctly distinguishes our case of Shears v. All States Life Ins. Co., 242 Ala. 249, 5 So.2d 808.

The observations made in the Shears case, supra, to the effect that cancellation of a group policy cannot be effectuated legally without the employee's consent is applicable only where the employee has an accrued cause of action at the time of cancellation or where premiums have been paid beyond the date of cancellation or the contract of insurance provides that the consent of the employee must be obtained.

The judgment of the Court of Appeals is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.