169 So. 303
### ANDREWS et al. v. THOMAS et al.
### 4 Div. 885.

Supreme Court of Alabama.
May 28, 1936.

Rehearing Denied July 16, 1936.

650

See, also, Ex parte Andrews, 231 Ala. 530, 165 So. 839.

M. B. Grace, of Birmingham, for appellants.

H. A. Ferrell, of Seale, for appellees.

GARDNER, Justice.

Complainants rest their contention for reversal upon the theory the chancellor dismissed their bill for a failure to give security for cost, and argue that as some of the complainants were residents of the state, security for costs was not required under our statute (section 7249, Code 1923), as so declared in Taylor v. Morton, 227 Ala. 690, 151 So. 853, and authorities therein noted.

But the difficulty confronting complainants lies in the conclusion, here we think inescapable, that the basis for this argument is unsustained by the record. True, respondents did file a motion (August 15, 1934) to dismiss the appeal for a failure to give security for costs, but we find no action thereon.

The course contemplated to be pursued by our statute (section 7249, supra) is first an order requiring security to be given, in default of which dismissal follows. There was no such order entered, and nothing in the record indicating any action of the court in regard to the question of security for costs. The order of dismissal was entered on January 10, 1935, and discloses it was based on motion of respondents made in open court, and based upon a want of prosecution, as indicated by the recital therein, as follows: "This cause now coming on to be heard comes the respondent but complainant comes not. On motion of respondent made in open court it is ordered, adjudged and decreed that this cause be and the same is hereby dismissed and complainant taxed with costs."

Along with this submission, counsel for appellants has submitted his affidavit concerning correspondence with the chancellor as to having appellees' counsel consent for dismissal to be set aside, and as to erroneous date of the call of the docket at Seale, given him by the register. But it does not appear any motion to set aside the dismissal was made, and the matter rested on correspondence. The record of this appeal makes no reference to these matters, but it only appears by the ex parte affidavit filed on the day previous to submission of the appeal here. And it must be confessed all of this matter in fact needs no discussion as the only assignment of error relates to the dismissal of the cause for a failure to give security for costs, to which we have previously referred, and as to which we think we have demonstrated, is not supported by the record. The record bears every indication that the dismissal was for a want of prosecution on motion of defendants made in open court. In any event, the record gives no indication that the dismissal was rested upon any matter of security for costs, and that is all with which we are here concerned under the single assignment of error here appearing.

It results that no error is made to appear, and that the order of dismissal is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.